BOYD, C.J.,
concurs in part and dissents in part with an opinion.
RULE 3.130 — FIRST APPEARANCE
(a) Prompt First Appearance. Except when he has been previously released in a lawful manner, every arrested person shall be taken before a judicial officer, either in person or by electronic audiovisual device in the discretion of the court, within twenty-four (24) hours of his arrest. The chief judge of the circuit for each county within the circuit shall designate one or more judicial officers from the circuit court, or county court, to be available for the first appearance and proceedings.
RULE 3.160 — ARRAIGNMENT
(a) Nature of Arraignment. The arraignment shall be conducted in open court personally, or in misdemeanor cases, either personally or by audiovisual device in the discretion of the court,, and shall consist of the judge or clerk or prosecuting attorney reading the indictment or information upon which the defendant will be tried to the defendant or stating orally to him the substances of the charge or charges and calling upon him to plead thereto. Such reading or statement as to the charge or charges may be waived by the defendant. *387 If the defendant is represented by counsel, his counsel may file a written plea of not guilty at or before arraignment and thereupon arraignment shall be deemed waived.
RULE 3.191 — SPEEDY TRIAL [Substantial revision; new rule shown]
(a)(1). Speedy Trial Without Demand. Except as otherwise provided by this Rule, and subject to the limitations imposed under (b)(1) and (b)(2), every person charged with a crime by indictment or information shall be brought to trial within 90 days if the crime charged be a misdemeanor, or within 175 days if the crime charged is a felony. If trial is not commenced within these time periods, the defendant shall be entitled to the appropriate remedy as set forth in section (i) below. The time periods established by this section shall commence when such person is taken into custody as defined under section (a)(4). A person charged with a crime is entitled to the benefits of this rule whether such person is in custody in a jail or correctional institution of this State or a political subdivision thereof or is at liberty on bail or recognizance or other pretrial release condition. This section shall cease to apply whenever a person files a valid demand for speedy trial under (a)(2).
COMMENTARY
Repeals the remedy of automatic discharge from the crime and refers instead to the new section on remedies.
(a)(2). Speedy Trial Upon Demand. Except as otherwise provided by this Rule and subject to the limitations imposed under (b)(1) and (c), every person charged with a crime by indictment or information shall have the right to demand a trial within 60 days, by filing with the court having jurisdiction and serving upon the state attorney a Demand for Speedy Trial.
(1)No later than 5 days from the filing of a Demand for Speedy Trial, the court shall hold a calendar call, with notice to all parties, for the express purposes of announcing, in open court, receipt of the Demand and of setting the case for trial.
(2) At the calendar call the court shall set the case for trial to commence at a date no less than 5 days nor more than 45 days from the date of the calendar call.
(3) The failure of the court to hold such a calendar call on a Demand which has been properly filed and served shall not interrupt the running of any time periods under this section.
(4) In the event that the defendant shall not have been brought to trial within 50 days of the filing of the Demand, the defendant shall have the right to the appropriate remedy as set forth in section (i) below.
COMMENTARY
Establishes the calendar call for the Demand for Speedy Trial when filed. This provision, especially sought by prosecutors, brings the matter to the attention of both the court and the prosecution. The section again repeals the automatic discharge for failure to meet the mandated time limit, referring to the new section on remedies for the appropriate remedy.
(g) Effect of Mistrial; Appeal; Order of New Trial. A person who is to be tried again or whose trial has been delayed by an appeal by the State or the defendant shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is last in time. If a defendant is not brought to trial within the prescribed time periods, the defendant shall be entitled to the appropriate remedy as set forth in section (i) below.
(i) Remedy for Failure to Try Defendant within the Specified Time.
(1) No remedy shall be granted to any defendant under this Rule until the court *388 shall have made the required inquiry under section (d)(3).
(2) In the case of a defendant charged with a misdemeanor, the defendant shall, upon motion timely made with the court at the expiration of the prescribed time period, be forever discharged from the crime.
(3) In the case of a defendant charged with a felony, the defendant may, at any time after the expiration of the prescribed time period, file a motion for discharge.
(4) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day period through no fault of the defendant, the defendant shall be forever discharged from the crime.
COMMENTARY
1984 Amendment — The intent of (i)(4) is to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge. This time begins with the filing of the motion and continues regardless of whether the judge hears the motion.
This section provides that, upon failure of the prosecution to meet the mandated time periods, the defendant shall file a motion for discharge, which will then be heard by the court within 5 days. The court sets trial of the defendant within 10 additional days. The total 15 day period was chosen carefully by the committee, the consensus being that the period was long enough that the system could, in fact, bring to trial a defendant not yet tried, but short enough that the pressure to try defendants within the prescribed time period would remain. In other words, it gives the system a chance to remedy a mistake; it does not permit the system to forget about the time constraints. It was felt that a period of 10 days was too short, giving the system insufficient time in which to bring a defendant to trial; the period of 30 days was too long, removing incentive to maintain strict docket control in order to remain within the prescribed time periods.
The committee further felt that it was not appropriate to extend the new remedy provisions to misdemeanors, but only to more serious offenses.
RULE 3.390. Jury Instructions [shown as revised]
(a) The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel. Except in capital cases, the judge shall not instruct the jury on the sentence which may be imposed for the offense for which the accused is on trial.
RULE 3.692, PETITION TO SEAL OR EXPUNGE
(a) All relief sought by reason of Section 90L33-and Section 893.14(2) 943.058, Florida Statutes (1975) (1981), shall be by motion petition in writing, filed with the clerk. Such motion petition shall state the grounds upon which it is based and the official records to which it is directed and shall be supported by an affidavit of the party seeking relief which affidavit shall state with particularity the statutory grounds and the facts in support of such motion. A copy of the motion petition and affidavit shall be served upon the prosecuting attorney and upon the arresting authority. Notice and hearing shall be as provided in Rule 3.590(c).
(b) The State may traverse or demur to such motion petition and affidavit. The court may receive evidence on any issue of fact necessary to the decision of the motion petition.
(c) If the motion petition is granted the court shall enter its order in writing so stating and further setting forth the records and agencies or departments to which it is directed.
(d) Upon the receipt of such order the clerk shall furnish a certified copy thereof to each agency or department named therein excepting the court.
*389 (e) In regard to the official records of the court including the court file of the cause, the clerk shall:
(1) Remove from the official records of the court, excepting the court file, all entries and records subject to such order; provided that if it shall not be practical to remove such entries and records then to make certified copies thereof and thereafter expunge by appropriate names such original entries and records.
(2) Seal such entries and records, or certified copies thereof, together with the court file and retain the same in a non-pub-lie index subject to further order of the court. (See: Johnson v. State, 336 So.2d 93 (Fla.1976).)
(3) In multi-defendant cases the clerk shall make a certified copy of the contents of the court file which shall be sealed pursuant to subsection (2). Thereafter all references to the movant petitioner shall be expunged from the original court file.
(f) In regard to the-official records of all agencies or departments named-in such order, excepting-the-eounVthe head of such agency or department shall cause-the official records thereof- ■and-whieh-ar-e-subjeet of said order — to-be sealed in a manner consistent with subdivision (e) of this rule.-
(g) (f) All costs of certified copies involved herein shall be borne by the movant, unless he be indigent.
COMMENTARY
Substantially the same as the former rule. The statutory reference in (1) was changed to cite the current statute and terminology was changed accordingly. Subsection (f) of the former rule was deleted since it dealt with substantive matters covered by Section 943.058 of the Florida Statutes (1981).
RULE 3.989. PETITION AND ORDER TO EXPUNGE OR SEAL AND AFFIDAVIT-FORMS
See attached forms.
COMMENTARY
In order to have uniformity throughout the State, the committee proposes these forms for Petition to Expunge or
Seal, Order to Seal and Order to Expunge and Affidavit. These also should be a great asset to counsel and an invaluable asset to the clerks and FDLE, etc., who will be receiving Orders in the future. The subcommittee working on these proposed forms has contacted law enforcement agencies, clerks, etc., for their input as to these proposed forms.
IN THE _ COURT OF THE _ JUDICIAL CIRCUIT, IN AND FOR _ COUNTY, FLORIDA CASE NO. _ DIVISION _
STATE OF FLORIDA, Plaintiff,
vs.

AFFIDAVIT
STATE OF FLORIDA COUNTY OF
I,_, am the Defendant in the above-styled cause and I do hereby swear and affirm that I have never been adjudicated guilty of a criminal offense or a comparable ordinance violation and I have frankly discussed this with my counsel in depth and he has explained to me the meaning of all of the terms in this Affidavit.
1. That I was arrested on the_day of_, 19_, by_, and I have not been adjudicated guilty of the charges stemming from that arrest or the alleged criminal activity surrounding my arrest.
2. That I have never secured a prior records expunction or sealing under any law.
3. (For use in expungement Petitions only.) That my record of arrest for this date has been sealed for ten (10) years or an indictment or information was not filed *390 against me for the above criminal transaction.

Sworn to and subscribed before me this _day of_, 19_

My Commission Expires:
IN THE _ COURT OF THE _ JUDICIAL CIRCUIT, IN AND FOR _ COUNTY, FLORIDA CASE NO. __ DIVISION _
ORDER TO EXPUNGE PURSUANT TO FLORIDA STATUTE 943.058 AND FRCP 3.692
THIS CAUSE having come on to be heard before me this date upon the Defendant’s Petition to Expunge certain records of the Defendant’s arrest on the_day of _, 19-, by - (arresting agency), for - (charges), and the Court having heard argument of counsel and being otherwise fully advised in the premises, hereby finds:
1. That the Defendant has never previously been adjudicated guilty of a criminal offense or a comparable ordinance violation.
2. That the Defendant was not adjudicated guilty of charges stemming from the arrest or criminal activity to which this expunction Petition pertains.
3. That the Defendant has not secured a prior records expunction or sealing.
4. That this record has either been sealed for at least ten (10) years or no indictment or information was ever filed in this case against the Defendant; whereupon it is thereby
ORDERED AND ADJUDGED that said Petition to Expunge is hereby granted. All Court records pertaining to the above-styled case shall be expunged in accordance with the procedures set forth in Florida Statute 943.058 and FRCP 3.692; and it is further
ORDERED AND ADJUDGED that the Clerk of this Court shall forward a certified copy of this Order to the State Attorney, _ (arresting agency), and the Sheriff of_County, who will comply with the procedures set forth in Florida Statute 943.058 and appropriate regulations of the Department of Law Enforcement, and who will further forward a copy of this Order to any agency that their records reflect has received the instant criminal history record information; and it is further
ORDERED AND ADJUDGED that _ (arresting agency) shall expunge all information concerning indicia of arrest or criminal history record information reference this Defendant in accordance with the procedures set forth in Florida Statute 943.058 and FRCP 3.692.
All costs of certified copies involved herein are to be borne by the Petitioner.
DONE AND ORDERED in Chambers at _County, Florida, this_day of --, 19-

IN THE _ COURT OF THE _ JUDICIAL CIRCUIT, IN AND FOR _ COUNTY, FLORIDA CASE NO. _ DIVISION -
ORDER TO SEAL RECORDS PURSUANT TO FLORIDA STATUTE 943.058 AND FRCP 3.692
THIS CAUSE having come on to be heard before me this date upon Defendant’s Petition to Seal Records concerning the arrest on the _ day of -, 19_, by the_, and the Court having heard argument of counsel and being otherwise advised in the premises, hereby finds:
*391 1. That the Defendant has never been previously adjudicated guilty of a criminal offense or comparable ordinance violation.
2. That the Defendant was not adjudicated guilty of charges stemming from the arrest or criminal activity to which the instant Petition pertains.
3. That the Defendant has not secured a prior records expunction or sealing; whereupon it is thereby
ORDERED AND ADJUDGED that the Petition to Seal Records be and the same hereby is granted. All Court records pertaining to the above-styled case shall be sealed in accordance with the procedures set forth in Florida Statute 943.058 and FRCP 3.692; and it is further
ORDERED AND ADJUDGED that the Clerk of this Court shall forward a certified copy of this Order to the State Attorney, _ (arresting agency), and the Sheriff of_County, who will comply with the procedures set forth in Florida Statute 943.058 and appropriate regulations of the Department of Law Enforcement, and who will further forward a copy of this Order to any agency that their records reflect has received the instant criminal history record information; and it is further
ORDERED AND ADJUDGED that _(arresting agency) shall seal all information concerning indicia of arrest or criminal history record information reference this Defendant in accordance with the procedures set forth in Florida Statute 943.058 and FRCP 3.692.
All costs of certified copies involved herein are to be borne by the Petitioner.
DONE AND ORDERED in Chambers at _County, Florida, this __day of -, 19-

STATE OF FLORIDA, Plaintiff,
vs.

PETITION TO EXPUNGE OR SEAL
COMES NOW the Defendant, _, by and through his undersigned attorney, and petitions this Honorable Court, pursuant to Florida Rule of Criminal Procedure 3.692, and Florida Statute 943.058, to expunge/seal all criminal history record information concerning his arrest on the_day of_, 19_, by _ (arresting agency), for _ (charges), and as grounds therefore would show:
1. That on the _ day of _, 19_, the Defendant, _, a _(race/sex), whose date of birth is _, was arrested by_, and charged with_
2. That the Defendant has not been adjudicated guilty of any of the charges stemming from this arrest or alleged criminal activity.
3. That the Defendant has not secured a prior records expunction or sealing under this Section, former Section 893.14 or former Section 901.33.
4. (To be used only when requesting expunction.) Such record has been sealed under this Section, former Section 893.14 or former Section 901.33 for at least ten (10) years or there has not been an indictment or information filed against the Defendant who is the subject of this criminal history record information.
WHEREFORE, the Defendant, _, moves this Honorable Court to expunge/seal any criminal history record information reference his arrest by _ (arresting agency), for _(charges), on the __day of _, 19_
*392 I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been served upon_, State Attorney for the_Judicial Circuit, in and for_County,_(ar-resting agency), and_(Sheriff of County where Defendant was arrested, if different), this _ day of -, 19_

Name:
Address:
City/State:
Telephone Number: