Ms. Patricia Butler Vitter City Attorney City of Inverness 405 Grace Street Post Office Box 881 Inverness, Florida 32651
Dear Ms. Vitter:
This is in response to your request for an opinion in your capacity as City Attorney for the City of Inverness on substantially the following questions:
 1. WHAT IS THE EFFECT OF AN [JUDICIAL] EXPUNCTION ORDER ON A PERSONNEL FILE OF A POLICE OFFICER?
 2. MAY INFORMATION BE REMOVED FROM A PERSONNEL FILE BASED UPON AN EXPUNCTION ORDER AND MUST A COPY OF THE EXPUNCTION ORDER BE PLACED IN THE PERSONNEL FILE?
Your letter of inquiry states that a police officer was hired by the City of Inverness; at the time he was hired he indicated on his application for employment that he had been charged with a crime and that the matter had subsequently been dismissed or dropped. Contained within his personnel file is the application with the information concerning this arrest as well as a computerized printout from the Florida Department of Law Enforcement (hereinafter "FDLE") setting out this information. You also state that subsequent to his employment by the City of Inverness, an expunction order was entered.
According to your letter, the contents of this order are as follows:
 ORDERED AND ADJUDGED, that said Petition to Expunge is hereby granted. All Court records pertaining to the above-styled case shall be expunged in accordance with the procedures set forth in Florida Statute 943.058 and FRCP 3.692; and it is further
 ORDERED AND ADJUDGED, that the Clerk of this Court shall forward a certified copy of this Order to the State Attorney, Florida Highway Patrol, and the Sheriff of Broward County, who will comply with the procedures set forth in Florida Statute 943.058 and appropriate regulations of the Department of Law Enforcement, and who will further forward a copy of this Order to any agency that their records reflect has received the instant criminal history record information; and it is further
 ORDERED AND ADJUDGED that the Florida Highway Patrol shall expunge all information concerning indicia of arrest or criminal history record information reference this Defendant in accordance with the procedures set forth in Florida Statute 943.058 and FRCP 3.692. (e.s.)
I must note initially that if the city and its counsel entertain any doubt as to whether certain records come within the meaning and intent of the order to expunge which is set out in brief above, clarification should be requested from the judge who issued the order. Attorney General Opinions 76-70 and 75-29. It is not the province of this office to interpret or clarify seemingly ambiguous portions of judicial orders.
However, in an effort to assist you I offer the following general comments concerning the effect of judicial expunction of nonjudicial criminal history records as provided in s. 943.058, F.S.
Section 943.058, F.S., provides for expunction or sealing of criminal history records, and these provisions of s. 943.058 apply notwithstanding statutes dealing more generally with the preservation and destruction of public records. See, s. 943.058(1). Cf., ss. 119.041, 267.051, F.S. And see, s.943.045(4), F.S., defining "criminal history information" as "information collected by criminal justice agencies (as defined by s. 943.045[10], F.S) on persons, which information consists of indentifiable descriptions and notations of arrests, detentions, indictments, informations, or other formal criminal charges and the disposition thereof. The term does not include identification information, such as fingerprint records, if the information does not indicate involvement of the person in the criminal justice system."
Subsections (2), (3), (4) and (6) of s. 943.058 provide for judicial expunction of certain nonjudicial criminal history records and for the legal effect of such expunction:[1]
 (2) The courts of this state shall continue to have jurisdiction over their own procedures, including the keeping, sealing, expunction, or correction of judicial records containing criminal history information. The courts may order the sealing or expunction of any other criminal history record provided:
 (a) The person who is the subject of the record has never previously been adjudicated guilty of a criminal offense or comparable ordinance violation;
 (b) The person who is the subject of the record has not been adjudicated guilty of any of the charges stemming from the arrest or alleged criminal activity to which the records expunction petition pertains;
 (c) The person who is the subject of the record has not secured a prior records expunction or sealing under this section, former s. 893.14, or former s. 901.33; and
 (d) Such record has been sealed under this section, former s. 893.14, or former s. 901.33 for at least 10 years; except that, this condition shall not apply in any instance in which an indictment or information was not filed against the person who is the subject of the record.
 (3) Notwithstanding subsection (2), criminal history records maintained by the Department of Law Enforcement may be ordered expunged only upon a specific finding by a circuit court of unusual circumstances requiring the exercise of the extraordinary equitable powers of the court. Upon a finding that the criteria set out in paragraphs (2)(a)-(c) have been met, the records maintained by the department may be ordered sealed by any court of competent jurisdiction; and thereafter such records and other records sealed pursuant to this section, former s. 893.14, former s. 901.33, or similar laws, shall be nonpublic records, available only to the subject, his attorney, or to criminal justice agencies for their respective criminal justice purposes. An order sealing criminal history records pursuant to this subsection shall not be construed to require that the records be surrendered to the court, and such records shall continue to be maintained by the department.
 (4) In judicial proceedings under subsections (2) and (3) . . . [I]f relief is granted, the clerk of the court shall certify copies of the order to the prosecutor and to *2419 the arresting agency. The arresting agency shall be responsible for forwarding the order to the Department of Law Enforcement and to any other agency to which the arresting agency itself disseminated the criminal history record information within the purview of the order. The Department of Law Enforcement shall forward the order to all agencies, including the Federal Bureau of Investigation, to which it disseminated the affected criminal history information. The clerk of the court shall certify a copy of the order to any other agency which the records of the clerk reflect has received the affected criminal history information from the court. A notation indicating compliance with an order to expunge may be retained for use thereafter only to confirm the expunction upon inquiry of the ordering court. (e.s.)
Pursuant to the express provisions of subsection (4) the arresting agency shall be responsible for forwarding the order to expunge to the FDLE as well as to any other agency to which the arresting agency itself disseminated the criminal history information within the purview of the order. In addition, FDLE shall forward the order to all agencies to which it disseminated the affected criminal history information. Thus, an agency such as your city police department in possession of a computerized printout of criminal history information sent it by FDLE must be forwarded the order to expunge by FDLE. Note also, subsection (7) of s. 943.058, F.S., providing that an order or request to expunge or seal a criminal history record shall be deemed an order or request to seek the expunction or sealing of such record by all other agencies known to have received it. See also, Fla.R.Cr.P., 3. 989, Form for Petition to Expunge or Seal; AGO 84-85.
Subsection (6) of s. 943.058 describes the legal effect of expunction under the statute:
 (6) The effect of expunction or sealing of criminal history records under this section or other provisions of law, including former ss. 893.14 and 901.33, shall be as follows:
 (a) When all criminal history records, including the records maintained by the Department of Law Enforcement and the courts, have been expunged, the subject of such records shall be restored, in the full and unreserved contemplation of the law, to the status occupied before the arrest, indictment, information, or judicial proceedings covered by the expunged record.
 (b)[2] When all criminal history records, except for records retained under seal by the courts or the Department of Law Enforcement, have been expunged, the subject of such records may lawfully deny or fail to acknowledge the events covered by the expunged or sealed records, except in the following circumstances:
 1. When the person who is the subject of the record is a candidate for employment with a criminal justice agency;
 2. When the person who is the subject of the record is a defendant in a criminal prosecution;
 3. When the person who is the subject of the record subsequently petitions for relief under this section; or
 4. When the person who is the subject of the record is a candidate for admission to The Florida Bar.
 The courts or the Department of Law Enforcement may refer to and disseminate information contained in sealed records in any of these circumstances. Subject to the exceptions stated herein, no person as to whom an expunction or sealing has been accomplished shall be held thereafter under any provision of law of this state to be guilty of perjury or to be otherwise liable for giving a false statement by reason of such person's failure to recite or acknowledge expunged or sealed criminal history records.
According to the information in your letter, none of the exceptions enumerated in subsection (6)(b) appear to apply to the person described in your letter.
The last sentence of subsection (4) is also pertinent to the issue of the effect of expunction, providing that a notation showing compliance with an order to expunge may be retained only to confirm expunction upon inquiry of the ordering court. Thus, it would appear that a copy should not be generally available for inspection in the personnel file. See also, AGO's 75-29 and 76-70 (expunction means physical destruction of all records suggesting person has been arrested or charged); Johnson v. State, supra,336 So.2d at 94.
In summary, a judicial expunction order addressed to certain nonjudicial criminal history records contained in a city police department personnel file and issued pursuant to s. 943.058, F.S., is properly directed to such records; such records should be expunged (removed and physically destroyed) and a copy of the expunction order should not be placed in the file.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General
[1] This grant of authority to the courts is in addition to the continuing judicial power over court records containing criminal history information. See, Johnson v. State, 336 So.2d 93
(Fla. 1976); s. 2, Art. V, State Const. And see, AGO 84-85, and s. 943.058(2), F.S.
[2] The type of expunction covered by (6)(b) appears to be that described by the second and third sentences of subsection (3) of s. 943.058 which provides in part that "[u]pon a finding that the criteria set out in paragraphs (2)(a)-(c) have been met, the records maintained by the department may be ordered sealed by any court of competent jurisdiction. . . ." Contrast the first sentence of subsection (3) which provides that notwithstanding subsection (2), criminal history records maintained by FDLE may be ordered expunged only upon a specific finding by a court of unusual circumstances requiring the exercise of its extraordinary equitable powers. Since the instant order does not contain such a specific finding, see, Rule 11C-7.01 F.A.C. (presumption that order does not rely on equitable powers of court unless order clearly indicates that intent), it appears that this order contemplates a sealing, not an expunction, of records maintained by the FDLE; thus the provisions of (6)(b) would appear to be applicable in your case. See also, AGO 84-85.