347 So.2d 629 (1977)
Nicholas J. CAPUANO, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1480.
District Court of Appeal of Florida, Fourth District.
May 6, 1977.
Nicholas J. Capuano, in pro. per.
Robert L. Shevin, Atty. Gen., Tallahassee, and Harry M. Hipler, Asst. Atty. Gen., West Palm Beach, for appellee.
ALDERMAN, Judge.
Appellant seeks reversal of an order denying a motion to expunge his arrest record pursuant to Section 901.33, Florida Statutes (1975). The trial court held that Section 901.33 is not retroactive and therefore not applicable to appellant's arrest which occurred prior to the effective date of the statute. We reverse.
The State contends that an order denying a motion to expunge is non-appealable, pointing out that it is not included in Section 924.06, Florida Statutes (1975), as one of the orders from which a criminal defendant may appeal. We reject this contention. Although appellant was formerly a defendant in a criminal case, he was not a defendant at the time he filed his motion. Section 901.33 provides that he may file his motion to expunge with the court wherein the charge was brought. The relief sought is civil in nature. The fact that the statute directs that the motion to expunge be filed with the same court wherein the moving party was formerly charged does not change the nature of the relief sought. We hold that a final order under Section 901.33 is reviewable by appeal.
Turning now to the merits of this appeal, we observe that subsequent to the trial court's order, the Supreme Court decided the case of Johnson v. State, 336 So.2d 93 (Fla. 1976). In Johnson, the court held that the Legislature could not require the destruction of judicial records, but that to achieve the legislative intent, a court in a proper case could order that an arrest record be sealed.
Although the court in Johnson did not specifically treat the question of retroactivity, it is obvious from the facts of that case that the statute was given retroactive effect. We therefore conclude that the trial court erred in denying appellant's motion upon the grounds that Section 901.33 is not retroactive.
*630 REVERSED and REMANDED for further proceedings consistent with the opinion of the Supreme Court in Johnson v. State, supra.
MAGER, C.J., and DOWNEY, J., concur.