564 So.2d 1176 (1990)
The STATE of Florida, Appellant,
v.
Solomon David GREENBERG, Appellee.
No. 90-220.
District Court of Appeal of Florida, Third District.
July 17, 1990.
Rehearing Denied August 24, 1990.
Robert A. Butterworth, Atty. Gen., and Fariba N. Komeily, Asst. Atty. Gen., for appellant.
Bernard Berman, Fort Lauderdale, for appellee.
Before NESBITT, JORGENSON and GODERICH, JJ.
PER CURIAM.
The state appeals an order sealing and expunging defendant's 1985 criminal record of an arrest and plea of guilty to the lewd and lascivious assault of a minor under section 800.04, Florida Statutes (1985). We reverse the order of expungement.
In 1989, the defendant filed a petition to expunge or seal his 1985 criminal history. The state objected to expungement, arguing that section 943.058(9), Florida Statutes (Supp. 1988), expressly forbids expungement of a criminal record relating to a violation of section 800.04 when, as here, the victim was under age eighteen and the defendant pled or was found guilty. Nevertheless, in the instant case, *1177 the court agreed to expunge the defendant's record, ruling that section 943.058(9) was an amendment which became effective on July 5, 1988 "subsequent to the offense date [May 1985], the conviction date and the final date of his probation, and the termination of his sentence as well, making it ex post facto."
First, subsection (9) of section 943.058 is not ex post facto because it does not constitute "punishment." It lacks the criminal character necessary to make it an ex post facto law in violation of the Constitution. Rather, the expungement statute as a whole is a remedial statute providing remedies which are civil in nature, and this section has already been held to apply retroactively. Capuano v. State, 347 So.2d 629 (Fla. 4th DCA 1977).
Furthermore, the defendant had no right to expungement of the record of his May 8, 1985 arrest and subsequent conviction even under the statute in effect in 1985. Section 943.058(3), Florida Statutes (1985) provides:
[C]riminal history records ... may be ordered expunged only upon a specific finding by a circuit court of unusual circumstances requiring the exercise of the extraordinary equitable powers of the court. .. .
The defendant did not make any allegation of unusual circumstances requiring the exercise of the court's extraordinary equitable powers. The trial court did not find any such circumstances. Thus, even under the 1985 statute, the petition for expungement should have been denied.
Finally, the operative event, the filing of the petition, occurred one year after the 1988 amendment. The consequences of filing this petition must be determined by the provisions on the date of filing. See Zabrani v. Cowart, 502 So.2d 1257 (Fla. 3d DCA 1986), approved, 506 So.2d 1035 (Fla. 1987); see also Bloom v. McKnight, 502 So.2d 422 (Fla. 1987).
Accordingly, the order of expungement is reversed.