PER CURIAM.
The defendant appeals a final order denying the expungement of his criminal record wherein he was acquitted on charges of aggravated battery. The trial court denied the motion. We affirm.
It affirmatively appears from the petition that the defendant had secured a prior ex-pungement of a criminal record within the previous ten years. Accordingly, pursuant to sections 943.058(2)(c) and (d), Florida *844 Statutes (1989); he was ineligible to seek expunction.
We cannot accept the defendant’s argument that his job as a police officer constituted extraordinary equitable circumstances entitling him to this relief, pursuant to section 943.058(3)(a), Florida Statutes (1987). Section 943.058(3)(a) was amended in 1988. The amended statute eliminates the trial judge’s equitable power to order expungement where the defendant does not meet the statutory requirements for such relief. § 943.058(2). See State v. Greenberg, 564 So.2d 1176 (Fla. 3d DCA 1990) (expungement statute is remedial, providing remedies civil in nature and thus applies retroactively). Therefore, since the defendant failed to meet the statutory requirements entitling him to seek expungement, the trial court was correct in denying the petition.
Affirmed.