ALTENBERND, Judge,
Specially concurring.
I concur in this decision because of our recent en banc opinion in State v. P.D.A., 618 So.2d 282 (Fla. 2d DCA 1993). The constitutional analysis addressed in the “majority’s” opinion in P.D.A. was approved by only six judges. Thus, this panel is not bound by that analysis. Nevertheless, I believe Judge Blue’s special concurrence effectively established a holding by a seyen-judge majority which requires findings by the trial court in orders sealing such criminal court records. Our result today is compelled by the rule established in that special concurrence.
Even under the analysis suggested by my separate opinion in P.D.A., this case would probably warrant reversal. See 618 So.2d at 285 (Altenbernd, J., concurring in part and dissenting in part). The defendant pleaded nolo contendere to three significant drug charges in 1988, when he was approximately thirty years old. His score-sheet at that sentencing indicates a prior third-degree felony. The defendant wants his records sealed so he can attend nursing school and obtain a license as a nurse. The defendant did not personally appear before this trial judge and provided no evidence that he has permanently overcome his problem with drugs. Under even a common law standard for expunction, a trial court should require more extensive evidence before it seals drug offenses to allow a person to pursue such a licensed profession.