PER CURIAM.
The Florida Bar Criminal Procedure Rules Committee petitions this Court to amend Florida Rules of Criminal Procedure 3.133, 3.692, 3.986, 3.987, and 3.989.[1] We have jurisdiction. Art. V, § 2(a), Fla. Const.
The only comments received in connection with this petition were addressed to the proposed amendments to rule 3.692, Petition to Seal and Expunge, and rule 3.989, Seal and Expunge Forms. The Committee’s proposed amendments to these rules incorporate the new provisions of sections 943.0585, .059, Florida Statutes (Supp.1992). In accordance with the statutory provisions, the proposed amendments require that a petition to expunge or seal be accompanied by a certificate of eligibility issued by the Florida Department of Law Enforcement (FDLE). By issuing the certificate, FDLE certifies that the applicant meets the various statutory requirements.
Anthony C. Musto and Steven M. Gold-stein, members of the Criminal Rules Committee, filed comments directed to the Committee’s recommendations as to rules 3.692 and 3.989. Musto and Goldstein point out that the new statutes are the result of a series of efforts by FDLE that began in 1991 with a letter to then Chief Justice Shaw expressing concern that FDLE was not receiving sufficient information to be able to notify the appropriate state attorneys of the existence of circumstances that would prohibit expunging or sealing of records. The matter was referred to the Rules Committee, which unanimously rejected FDLE’s proposal.
According to Musto and Goldstein, the Committee felt the notice problem was due to lack of communication between FDLE, the prosecutors, and law enforcement agencies that must be served with copies of the petition and supporting affidavits, under the current rule. The Committee believed that even if rule changes were needed in order to address FDLE’s concerns, there was no need to require certification by that agency. The problem could be addressed simply by amending the rule to include a requirement that notice be given to FDLE or by building into the rule a delay between the time a petition is filed and the time the court rules.
FDLE took its proposal to the Legislature, which adopted the new statutes. FDLE then returned to the Committee, again seeking the rules amendment. A majority of the Committee agreed to submit the proposed amendments.
After thoroughly reviewing the proposed amendments, the newly enacted statutes, and the comments filed in connection with the amendments, we decline to approve the Committee’s recommended changes to rules 3.692 and 3.989. We agree with the Committee’s original conclusion that FDLE’s concerns can be addressed by less extreme measures than *553 the procedures adopted by the Legislature. These concerns can be effectively dealt with by requiring that a copy of the petition to expunge or seal be served on the prosecuting attorney (either the state attorney, the special prosecutor, or the statewide prosecutor); the arresting police agency; and FDLE and by delaying the hearing on the petition thirty days from service of the copies. Such procedural requirements will give FDLE notice of the filing of a petition as well as sufficient time to notify the appropriate prosecuting authority of the existence of circumstances that would preclude the sealing or expunction of the petitioner’s records.
We have attached amendments reflecting these changes to rules 3.692 and 3.989. To the extent the procedural aspects of sections 943.0585, .059, Florida Statutes (Supp.1992), are inconsistent with rules 3.692 and 3.989, the rules shall supersede the statutes. See Johnson v. State, 336 So.2d 93 (Fla.1976).
The attached amendments to rules 3.133, 3.986, and 3.987, which are in accordance with the Committee’s recommendations, change the rules in the following respects. The amendments to rule 3.133, Pretrial Probable Cause Determination and Adversary Preliminary Hearings, conforms the rule to the time limits set forth in County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). The rule as amended requires that in all cases in which the defendant is in custody, a nonadversary probable cause determination be held within 48 hours from the defendant’s arrest. It also provides that after a showing of extraordinary circumstances the proceedings may be continued for not more than 24 hours beyond the 48-hour period and that if extraordinary circumstances still exist, the proceedings may be continued for an additional 24 hours.
The amendments to rule 3.986 revise the form for restitution order by addition of a checkoff box for the phrase: “For which amount let execution issue.” If this box is cheeked, a victim entitled to restitution may record the order and initiate proceedings to collect the amount due. The amendments to rule 3.987, Form for Motion for Posteonviction Relief, revise the list of grounds that may be raised by rule 3.850 motion.
Accordingly, rules 3.133, 3.692, 3.986, 3.987, and 3.989 are amended as reflected in the appendix to this opinion. The new language is indicated by underscoring; deletions are indicated by strike-through type. Rules 3.133, 3.986, and 3.987 shall become effective January 1, 1994, at 12:01 a.m. However, the amendments to rules 3.692 and 3.989 shall not become effective until after the Criminal Rules Committee reviews the amendments and files comments for this Court’s further consideration. The Committee shall file its comments within ninety days from the date of this opinion. Interested parties also may file comments on the amendments to rules 3.692 and 3.989 within the ninety-day period.
It is so ordered.
BARKETT, C.J., and McDONALD, SHAW, KOGAN and HARDING, JJ., concur.
GRIMES, J., concurs in part and dissents in part with an opinion.
OVERTON, J., concurs in part and dissents in part, and would adopt the proposals of the committee without modification.

. The proposed amendments were approved by the Board of Governors.