ALTENBERND, Judge.
The state appeals an order declaring section 943.059(2), Florida Statutes (1993), unconstitutional. That statute requires applicants seeking to seal nonjudicial criminal history records to obtain a certificate of eligibility for sealing from the Florida Department of Law Enforcement (FDLE) prior to petitioning a court for an order sealing the records. We agree with the trial court that the opinions in Amendments to Florida Rules of Criminal Procedure 3.133, 3.692, 3.986, 3.987 and 3.989, 630 So.2d 552 (Fla. 1993), modified, 639 So.2d 15 (Fla.1994), appear to hold that the certificate of eligibility requirement is an unconstitutional legislative intrusion into judicial procedure. Accordingly, we affirm the trial court. Because the supreme court’s decision was not issued in a fact-specific context, we certify two questions of great public importance.
D.H.W. was charged with committing grand theft in Collier County, Florida, in the early 1980s. He was arrested in Pennsylvania and returned to Florida. In November 1983, he pleaded nolo contendere. The trial court withheld adjudication and placed D.H.W. on probation.
On July 22,1994, D.H.W. filed a petition to seal pursuant to Florida Rule of Criminal Procedure 3.692 and section 943.059.[1] His petition conformed to the requirements of the recently amended rule of criminal procedure. It was served on the state attorney, FDLE, and the arresting authority in Pennsylvania. The petition was supported by an affidavit from D.H.W.
At the hearing on the petition held on September 14, 1994, the state did not argue that D.H.W. needed to obtain a certificate of eligibility before the petition could be granted. Instead, the parties discussed whether the form order to seal provided in Florida Rule of Criminal Procedure 3.989(c) and approved in Amendments, 639 So.2d 15, overruled this court’s en banc decision in State v. P.D.A., 618 So.2d 282 (Fla. 2d DCA 1993). In P.D.A, this court drew a distinction be *565 tween judicial records and other criminal history records. Because of First Amendment concerns, the plurality opinion required compliance with a three-prong test prior to the entry of an order sealing judicial records. Id. at 285.[2]
The trial court’s initial order in this case deviated from the form order in rule 3.989(c), which provides that “all court records” shall be sealed. The trial court’s order sealed “all nonjudicial criminal records,” but no court records. Subsequently, the trial court issued an amended order conforming to the language of the form, sealing “all court records,” and ordering certain law enforcement agencies to seal nonjudicial criminal history records. Although the record is silent on the reason for the amended order, the trial court could have decided that the supreme court’s opinion approving the form had overruled P.D.A. or that the plurality opinion was not binding precedent. In either ease, the trial court did not apply the three-prong test prior to sealing D.H.W.’s judicial records. The state did not appeal the amended order.
Upon receiving the amended order, FDLE responded with a letter to the state attorney and the court pursuant to section 948.059(3)(d). FDLE explained that it was refusing to enforce the order because D.H.W. had not applied for a certificate of eligibility. The record reveals that FDLE wanted a copy of D.H.W.’s fingerprints to perform a national records search that would confirm the contents of his affidavit. It also believed that D.H.W. should pay the statutory $75 processing fee before FDLE is required to seal records belonging to the executive branch of government.
After FDLE sent this letter, the state attorney filed a motion to clarify the order sealing criminal records, and D.H.W. filed a motion to show cause. The trial court denied D.H.W.’s motion and entered an order of clarification, concluding that the certificate of eligibility requirement had been rejected as procedural in the two recent supreme court opinions. The state then filed this appeal.
There is legitimate concern that the supreme court opinions were intended to eliminate the certificate requirement as a prerequisite to sealing judicial records only, and not for sealing criminal history records of the executive branch. Alternatively, the certificate may be a condition precedent that the state must raise prior to the entry of the order and not after the order has become final. In light of Chief Justice Grimes’ dissent, however, we conclude that the supreme court’s ruling is not so limited. Because the two opinions did not expressly hold any portion of the statute unconstitutional, we may misinterpret the supreme court’s basis for rejecting the legislature’s chosen method for sealing nonjudicial documents. It is also unclear whether the supreme court’s form order contained in rule 3.989(c) eliminated the three-prong test of P.D.A Accordingly, we certify the following questions as issues of great public importance:
DOES THE LEGISLATURE VIOLATE EITHER THE SEPARATION OF POWERS PROVISION IN ARTICLE II, SECTION 3, FLORIDA CONSTITUTION, OR THE COURT’S RULE-MAKING AUTHORITY UNDER ARTICLE V, SECTION 2, FLORIDA CONSTITUTION, WHEN IT ESTABLISHES A PROCEDURE THAT IS A CONDITION PRECEDENT TO THE SEALING OF CRIMINAL HISTORY RECORDS MAINTAINED OUTSIDE THE JUDICIAL BRANCH OF GOVERNMENT? MAY A COURT SEAL ALL COURT RECORDS UNDER FLORIDA RULE OF CRIMINAL PROCEDURE 3.692 WITHOUT FIRST COMPLYING WITH THE TESTS DESCRIBED IN STATE v. P.D.A., 618 S0.2d 282 (Fla. 2D DCA 1993)?
Affirmed.
RYDER, A.C.J., and QUINCE, J., concur.

. The petition also refers to section 943.0585, Florida Statutes (1993), which addresses the ex-punction of criminal records. The order entered in this case merely seals the records. Thus, we are not required to determine the constitutionality of the similar statutory provision in section 943.0585(2).

. Arguably, the holding in P.D.A. does not require compliance with the three-prong test. The plurality per curiam opinion became the majority opinion by virtue of Judge Blue’s separate decision concurring in result only.