FRANK, Acting Chief Judge.
The state has appealed from a trial court ruling that granted J.C.H.’s petition to seal his court and criminal history records. We affirm the sealing of the records but remand for the trial court to make requisite constitutional findings.
This case was initiated in 1990, when J.C.H.’s probation had been terminated five years early. The trial judge at that time indicated a willingness to seal the defendant’s records under the statute then in effect, section 943.058, Florida Statutes (1989), but she was persuaded to delay until the entire probationary period had passed. Thus, she denied the motion to seal records without prejudice. The defendant then renewed his motion in 1995. Only at the request of the state did the defendant file an additional motion. Earlier in 1995, when the subsequent motion was filed, the statute had been amended; the new statute, section 943.059, Florida Statutes (1995), did not permit sealing of records when the defendant had been charged with a violation of section 800.04, Florida Statutes. On this ground the state contended that the 1995 motion should be denied.
We disagree. From the unique procedural history of this case it is clear that the trial court initially favored granting the petition; the denial without prejudice left open the opportunity for the defendant to renew the same motion. Thus, the law in effect at the time his original motion was filed should govern, see State v. Greenberg, 564 So.2d 1176 (Fla. 3d DCA 1990), rev. denied, 576 So.2d 287 (Fla.1991), and the subsequent bar to sealing when the defendant has been charged with section 800.04 is not applicable in this case.
The court should have included in its order its findings that the constitutional test for sealing pertained to the defendant, as required in State v. P.D.A (Sealed), 618 So.2d 282 (Fla. 2d DCA 1993). Accordingly, we remand this case to give the trial court the opportunity to do so. See State v. M.C. (Sealed), 661 So.2d 377 (Fla. 2d DCA 1995); State v. R.P.H. (Sealed), 618 So.2d 281 (Fla. 2d DCA 1993).
PARKER and FULMER, JJ., concur.