686 So.2d 1331 (1996)
STATE of Florida, Petitioner,
v.
D.H.W., Respondent.
No. 87173.
Supreme Court of Florida.
December 19, 1996.
*1332 Robert A. Butterworth, Attorney General; and Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Petitioner.
Paula J. Rhoads of Vega, Stanley, Zelman & Hanlon, Naples, for Respondent.
WELLS, Justice.
We have for review State v. D.H.W., 666 So.2d 564 (Fla. 2d DCA 1995), in which the Second District Court of Appeal certified the following to be questions of great public importance:
DOES THE LEGISLATURE VIOLATE EITHER THE SEPARATION OF POWERS PROVISION IN ARTICLE II, SECTION 3, FLORIDA CONSTITUTION, OR THE COURT'S RULE-MAKING AUTHORITY UNDER ARTICLE V, SECTION 2, FLORIDA CONSTITUTION, WHEN IT ESTABLISHES A PROCEDURE THAT IS A CONDITION PRECEDENT TO THE SEALING OF CRIMINAL HISTORY RECORDS MAINTAINED OUTSIDE THE JUDICIAL BRANCH OF GOVERNMENT?
MAY A COURT SEAL ALL COURT RECORDS UNDER FLORIDA RULE OF CRIMINAL PROCEDURE 3.692 WITHOUT FIRST COMPLYING WITH THE TESTS DESCRIBED IN STATE v. P.D.A., 618 So.2d 282 (Fla. 2D DCA 1993)? *1333 State v. D.H.W., 666 So.2d at 565. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed, we answer the first certified question in the negative and the second question in the affirmative.
D.H.W. was charged in 1983 with committing grand theft. After he pled nolo contendere, the trial court withheld adjudication and placed D.H.W. on probation. In 1994, D.H.W. filed a petition pursuant to Florida Rule of Criminal Procedure 3.692 and section 943.059, Florida Statutes (1993), to seal all criminal history records relating to his case which were in the custody of both courts and nonjudicial agencies. His petition conformed to the requirements of rule 3.692 but not to those of section 943.059, Florida Statutes (1993).
The trial court's initial order sealed "[a]ll nonjudicial criminal records" but no judicial records relating to D.H.W.'s case. Without explanation, the trial court later issued an amended order pursuant to the form order in rule 3.989(c), sealing "[a]ll court records" and ordering certain law enforcement agencies to seal nonjudicial criminal history records.[1]
After receiving the amended order, the Florida Department of Law Enforcement (FDLE) refused to enforce the order because D.H.W. had not applied for a certificate of eligibility for sealing his records pursuant to section 943.059(2), Florida Statutes (1993), which requires a petitioner for court-ordered sealing to pay a $75 processing fee and to obtain a certificate of eligibility from FDLE. The state attorney filed a motion to clarify the order sealing the criminal history records.[2] After a hearing, the trial court ordered FDLE to process the order to seal its records relating to D.H.W. without requiring D.H.W. to obtain a certificate of eligibility or pay a $75 processing fee. The trial court concluded that the Supreme Court had rejected the statutory certificate and fee requirements as procedural in nature and that, therefore, section 943.059(2), Florida Statutes (1993), was unconstitutional. See Amendments to Florida Rules of Criminal Procedure 3.133, 3.692, 3.986, 3.987 and 3.989, 630 So.2d 552 (Fla.1993), modified, 639 So.2d 15 (Fla.1994). The State appealed, and the district court affirmed the trial court's holding. The district court, seeking clarification of this Court's opinion regarding legislative requirements for sealing nonjudicial records and of its standard for sealing judicial records, certified the above questions to this Court as being of great public importance. D.H.W., 666 So.2d at 565.
In answer to the first question, the State contends that the statutory provision requiring a fee and certificate of eligibility from FDLE is constitutional because it is a substantive matter subject to legislative authority. See Johnson v. State, 336 So.2d 93 (Fla.1976). Creating requirements relating to the sealing of records held in the custody of nonjudicial agencies is within the legislature's exclusive control because the Florida Constitution delegates the right to establish court-related procedural law to the judiciary and requirements relating to substantive law to the legislature. State v. Garcia, 229 So.2d 236 (Fla.1969). Therefore, the State argues that the statutory fee and certificate requirements are constitutional because they govern the substantive right, based on legislative enactment, to the sealing of nonjudicial records. We agree.
In Johnson, this Court found unconstitutional a statute that attempted to establish court procedures regarding the right to have criminal records expunged. 336 So.2d at 95. We recognized that the constitution grants to *1334 the legislature the power to enact substantive laws such as a statute granting the right to sealing or expungement of criminal history records. Id. However, because only the courts have the power to administer the court system, we have the exclusive ability to initiate judicial rules of practice and procedure designed to enforce substantive rights. Id. Therefore, we have the discretion to decide whether and how to seal or expunge court records without interference from legislative requirements. Id. Thus, we drew a clear line between judicial and nonjudicial records containing criminal history information that a petitioner seeks to have sealed or expunged.
Accordingly, this Court in 1977 promulgated Florida Rules of Criminal Procedure 3.692[3] and 3.989,[4] providing procedures governing expungement or sealing of criminal history records held in the custody of courts. Subsequently, the legislature in 1992 repealed section 943.058, Florida Statutes (1991) (governing petitions to expunge and seal),[5] and enacted sections 943.0585 (to expunge)[6] and 943.059 (to seal),[7] providing the new requirements that a petitioner must pay a $75 processing fee and obtain a certificate of eligibility from FDLE to inform trial courts whether specified criminal history records held in nonjudicial agencies are eligible for expunction or sealing. §§ 943.0585, 943.059, Fla.Stat. (1993). To obtain a certificate and complete a petition for the sealing of a criminal history record held in nonjudicial agencies, a petitioner must demonstrate to FDLE that the petitioner: (1) has never previously been adjudicated guilty of a criminal offense or comparable ordinance violation; (2) has not been adjudicated guilty of any of the charges stemming from the arrest or alleged criminal activity to which the petition to seal pertains; (3) has never secured a prior sealing or expunction of a criminal history record; and (4) is no longer under court supervision relating to the disposition of the arrest or alleged criminal activity to which the petition to seal pertains. § 943.059(1)(a), Fla.Stat. (1993). We conclude that the statute imposes appropriate conditions to the *1335 substantive right to obtain court-ordered sealing of nonjudicial criminal history records not held in the custody of courts.
We here specifically point out that this Court's holding in our 1993 Amendments opinion applies only to judicial records and not to nonjudicial records which are not in the custody of courts. 630 So.2d 552.[8]
The district court below agreed with the trial court's interpretation of Amendments, 630 So.2d 552, and stated that this Court's opinions "appear to hold that the certificate of eligibility requirement is an unconstitutional legislative intrusion into judicial procedure." D.H.W., 666 So.2d at 564. We quash the district court's decision as it pertains to nonjudicial records not in the custody of courts. The certificate-of-eligibility requirement as well as the fee and statement of no court supervision are constitutional as applied to applicants for sealing of nonjudicial criminal history records.
As we determined in Johnson, the judiciary has exclusive power and responsibility over court records. The legislature has distinguished between judicial records and other criminal history records and has acknowledged this Court's function in establishing its own procedures regarding sealing of judicial records. § 943.059, Fla.Stat. (1993). We likewise recognize that under the separation-of-powers doctrine, the courts' power to order the sealing of nonjudicial criminal history records not in the custody of the courts derives only from a legislative grant by statute.
The courts' role regarding nonjudicial criminal history records is to safeguard a citizen's right to strict enforcement of the statute, which provides the right to petition the court for sealing of such records. In respect to nonjudicial records, the State agreed at oral argument that if a citizen complies with the statutory conditions for sealing such records, the citizen is entitled to a court order requiring that the records be sealed. For that reason, we also hold that a citizen who contends that an agency has not issued a certificate of eligibility in accord with section 943.059(2) may petition the court for compliance and have the issue adjudicated. However, we do not interfere with the statutory requirement for the FDLE certificate, which we respect as a legislative prerogative.
Therefore, we answer the first certified question in the negative, with the proviso that a petitioner has the right to file a petition to require compliance with the statute if an agency refuses to seal the specified records. We hold that the trial court and the district court erred in determining that rule 3.692 superseded the provisions of section 943.059(2), Florida Statutes (1993), requiring a $75 processing fee and an FDLE certificate of eligibility before allowing a petition to order the sealing of nonjudicial criminal history records. Because the sealing order did not meet the requirements of section 943.059(2), the trial court also erred in ordering FDLE to comply with the sealing order.
Regarding the second certified question, which seeks clarification of the standard for sealing judicial records, we hold that a court is not required to apply the constitutional test described in State v. P.D.A., 618 *1336 So.2d 282 (Fla. 2d DCA 1993), before ordering the sealing of judicial criminal history records, with a caveat that the court must appropriately address any constitutional issues specifically raised in a proceeding. The court need only ensure that a petitioner has complied with rule 3.692 (providing requirements for a petition to seal judicial records) and rule 3.989 (providing a form for the affidavit, petition, and order to seal judicial records). Therefore, we answer the second certified question affirmatively.
In P.D.A., the trial court had ordered the petitioner's court records and other criminal history records sealed based solely in reliance on section 943.058, Florida Statutes (1991). P.D.A., 618 So.2d at 282. The district court majority correctly distinguished between the two types of records that may be sealed: (1) court or "judicial records"; and (2) "other criminal history records." The court also correctly held that courts have exclusive jurisdiction over procedures relating to their own records. P.D.A., 618 So.2d at 283. However, the district court majority erred in stating that a petition for the sealing of court records must be subjected to a three-pronged test in accord with a First Amendment[9] standard.
The constitutional test advocated by the majority in P.D.A., 618 So.2d at 283, for the closure of judicial records containing criminal history information originally was provided in the context of the requested closure of a preliminary hearing in a criminal case rather than the requested sealing of court records relating to a closed, dismissed criminal case.[10] The district court majority held that public access to court records as well as hearings is afforded First Amendment protection because such access is steeped in historical tradition and because of the First Amendment right of the press to acquire and disseminate public information. See Globe Newspaper Co. v. Pokaski, 868 F.2d 497 (1st Cir.1989). However, we note that the policy of public access to hearings and trials is deeply rooted in a Fourteenth Amendment[11] concern for due process and a First Amendment concern for public access to ensure the proper operation of courts. Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980). By contrast, the policy of public access to old records must be weighed against the long-standing public policy of providing a second chance to criminal defendants who have not been adjudicated guilty. P.D.A., 618 So.2d at 288 n. 6 (Altenbernd, J., dissenting) (citing Johnson v. State, 336 So.2d at 95, stating that courts have used discretion to seal their records from public view "from time immemorial"). We conclude that the balancing of these competing policies is usually sufficiently accomplished by following the procedures of Florida Rule of Criminal Procedure 3.692, which requires a petition supported by an affidavit in accord with section 943.059(1), Florida Statutes (1993), in order to obtain an order for the sealing of judicial records. However, we note that a court must examine the constitutionality of a requested sealing order if a specific constitutional issue is raised in a particular proceeding. Accordingly, we disapprove the majority opinion in P.D.A., to the extent that it requires an automatic constitutional test for court-ordered sealing of court records.
Therefore, we answer the first certified question in the negative and the second question in the affirmative. We quash the decision of the district court regarding the constitutionality of section 943.059(2), Florida *1337 Statutes (1993), and we remand for proceedings consistent with this opinion.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] The trial court did not apply the three-pronged constitutional test described in P.D.A., 618 So.2d at 283, to protect public access to court records.
[2] Section 943.045(18), Florida Statutes (1993), defines "criminal history records" as "any nonjudicial record maintained by a criminal justice agency containing criminal history information." Section 943.045(4), Florida Statutes (1993), defines "criminal history information" as "information collected by criminal justice agencies on persons, which information consists of identifiable descriptions and notations of arrests, detentions, indictments, informations, or other formal criminal charges and the disposition thereof."
[3] Rule 3.692 provides in pertinent part as follows:

(a) Requirements of Petition. All relief sought by reason of sections 943.0585-943.059, Florida Statutes, shall be by petition in writing, filed with the clerk. The petition shall state the grounds on which it is based and the official records to which it is directed and shall be supported by an affidavit of the party seeking relief, which affidavit shall state with particularity the statutory grounds and the facts in support of the motion. A copy of the completed petition and affidavit shall be served on the prosecuting attorney, the arresting authority, and the Florida Department of Law Enforcement. Unless the state indicates that it has no objection to the requested relief, no petition may be granted until at least 30 days after service of the copies of the petition and affidavit. Notice and hearing shall be as provided in rule 3.590(c).
[4] Rule 3.989(a) provides the required form for a petitioner's affidavit in support of a petition to seal criminal history records. The affidavit contains the following statements:

I, ______ (name of defendant/petitioner) ... do hereby swear or affirm that:
1. I fully understand the meaning of all the terms of this affidavit.
2. I have never been adjudicated guilty of a criminal offense or a comparable ordinance violation.
3. I was arrested on the ___ day of _____, 19____, by ________ (arresting agency), and I have not been adjudicated guilty of the charges stemming from that arrest or the alleged criminal activity surrounding my arrest.
4. I am eligible for the relief requested, to the best of my knowledge and belief, and do not have any other petition to expunge or seal pending before any court.
5. I have never secured a prior records expunction or sealing under any law.
6. (For use in expunction petitions only.) My record of arrest for this date has been sealed for at least 10 years; or an indictment or information was not filed against me for the above criminal transaction; or an indictment or information filed against me was dismissed by the prosecutor or the court.
 ____________
 Petitioner
Rule 3.989(b) provides the form for an order to expunge; rule 3.989(c) provides the form for an order to seal; and rule 3.989(d) provides the form for a petition to expunge or seal.
[5] Ch. 92-73, § 5, at 701, Laws of Fla.
[6] Ch. 92-73, § 3, at 694, Laws of Fla.
[7] Ch. 92-73, § 4, at 698, Laws of Fla.
[8] In 1993, this Court reviewed a proposed amendment supported by FDLE and offered by The Florida Bar Criminal Procedure Rules Committee requiring that a petition to expunge or seal judicial records be accompanied by a certificate of eligibility from FDLE incorporating new provisions of sections 943.0585 and 943.059, Florida Statutes (Supp.1992). The proposal stemmed from a concern that FDLE did not receive sufficient information to allow it to notify state attorneys of circumstances that would bar specific sealing or expungement actions. Amendments, 630 So.2d at 552. However, this Court agreed with the committee's earlier assessment that the problem of lack of communication should be addressed simply by amending the rule to include requirements of notice to FDLE and a thirty-day delay between the time of a petition filing and a hearing date, and amended rule 3.692 accordingly. Id. The amendment to rule 3.989 provided forms for the petition, affidavit, and orders to seal or expunge. See supra note 4. In 1994, this Court amended rules 3.692 and 3.989 with minor stylistic changes which were offered by the Criminal Procedure Rules Committee. Amendments to Florida Rules of Criminal Procedure 3.133, 3.692, 3.986, 3.987 and 3.989, 639 So.2d 15 (Fla.1994).
[9] U.S. Const. amend. I.
[10] Press-Enterprise Co. v. Superior Court of California, 478 U.S. 1, 13-14, 106 S.Ct. 2735, 2743 92 L.Ed.2d 1 (1986) (holding that preliminary hearings cannot be closed unless specific, on-the-record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest; if the interest asserted is the right of the accused to a fair trial, the hearing shall be closed only if specific findings show that first, there is a substantial probability that a defendant's right to a fair trial will be prejudiced by publicity that closure would prevent, and second, reasonable alternatives to closure cannot adequately protect the defendant's fair-trial rights).
[11] U.S. Const. amend. XIV.