PER CURIAM.
The state appeals an order sealing the 1988 criminal records of appellee, Sean Goodrich, relating to charges of burglary of a dwelling, section 810.02, Florida Statutes (1987), and an amended charge of simple battery, section 784.05, Florida Statutes (1987). We reverse.
In 1994, appellee filed a petition to seal “all official records” relating to his 1988 charges of burglary and simple battery. The request was denied. Appellee filed a motion for reconsideration in March 1995 and a hearing was held in March 1996. At the hearing, the state asserted that in 1988 appellee was adjudicated guilty of simple battery, and the court withheld adjudication on the charge of burglary. Appellee argued that he was not adjudicated on either charge. The trial court agreed with appellee and granted his petition to seal. The state filed a timely notice of appeal.
Relying on State v. P.D.A. (Sealed), 618 So.2d 282 (Fla. 2d DCA 1993), the state *1094 argues that the trial court was required to make constitutional findings to seal appellee’s court record, which it did not do. In P.D.A., this court stated that court records require a constitutional standard in order to be sealed and the court must make such constitutional findings consistent with the Press-Enterprise test; however, “other criminal history records” may be sealed without constitutional findings but the court must follow the statute which controls the sealing of records. P.D.A., 618 So.2d at 284; see Press-Enterprise Co. v. Superior Court of California, 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986)(laying out the constitutional test to apply for closure of judicial records).
In State v. D.H.W., 686 So.2d 1331 (Pla. 1996), the Florida Supreme Court rejected this court’s position. The supreme court held that an automatic constitutional test need not be applied for the sealing of court records, as the P.D.A. case held, unless the constitutional issues are specifically raised in a proceeding. D.H.W., 686 So.2d at 1336. In this case, specific constitutional issues were not raised. Thus, according to D.H.W., all of appellee’s records may be sealed once the requirements of section 943.059, Florida Statutes (Supp.1994), are met. D.H.W., 686 So.2d at 1336.
Since appellee filed his petition to seal in October of 1994, the 1994 statute pertaining to the sealing of records applies. See State v. Greenberg, 564 So.2d 1176 (Fla. 3d DCA 1990). Section 943.059, Florida Statutes (Supp.1994), states that any court of competent jurisdiction may order a criminal justice agency to seal a criminal history record provided the person who is the subject of the record complies with the requirements of this section. See Fla. R.Crim. P. 3.692(a).
Section 943.059(l)(b)2., Florida Statutes (Supp.1994), requires the person seeking to seal his/her record to make a sworn statement attesting that he/she has not been adjudicated guilty of any of the charges stemming from the arrest or alleged criminal activity to which the petition pertains. § 943.059(l)(b)2. Although appellee swore to such a statement, he did so in error because he had been adjudicated guilty of a simple battery to which the petition to seal pertained.
In the plea hearing transcript, the trial judge pronounced, “I’ll adjudicate the Defendant of battery and sentence him to time served and withhold adjudication on the burglary.... ” The plea form, judgment and sentence, and sentence scoresheet all conform with this oral pronouncement. However, the order withholding adjudication of guilt and placing defendant on probation states that appellee’s adjudication was withheld on both charges. Contrary to appellee’s assertion, the order withholding adjudication of guilt and placing defendant on probation does not control. When a written order does not conform to the trial court’s oral pronouncement, the oral pronouncement controls. Bogan v. State, 462 So.2d 115 (Fla. 2d DCA 1985). Since the oral pronouncement controls, appellee was adjudicated guilty of simple battery and therefore did not fulfill the requirements of section 943.059(l)(b)2.
When the petition to seal was heard by the trial court in 1996, approximately eight years after appellee’s sentencing, appellee’s defense counsel informed the court that the judgment and sentence reflected that appel-lee had not been adjudicated guilty on either charge. Defense counsel’s assertion was incorrect. The trial court, relying solely on defense counsel’s representation, granted ap-pellee’s petition to seal. Had the trial court read the plea hearing transcript and inspected the judgment and sentence, it would have seen that appellee was adjudicated guilty of simple battery and it would have realized appellee did not meet the requisites of a petition to seal.
Because appellee was adjudicated guilty of simple battery, the trial court erred by granting appellee’s petition to seal his criminal records.
We, accordingly, reverse and remand for further proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.