NESBITT, Senior Judge.
The State appeals- an order granting defendant S.C.’s motion to expunge the court record concerning the charge filed against him. The order is renewable by appeal. See Capuano v. State, 347 So.2d 629 (Fla. 4th DCA 1977).
Florida Rule of Criminal Procedure 3.692 provides in part:
Petition to Seal or Expunge
(a) Requirements of Petition. All relief sought by reason of sections 943.0585-943.059, Florida Statutes, shall be by petition in writing, filed with the clerk. The. petition shall- state the grounds on which it is based and the official records to which it is .directed and shall be supported by an affidavit of the party seeking relief, which affidavit shall state with particularity the statutory grounds and the facts in support of the motion. A copy .of the completed petition and affidavit shall be served on the prosecuting attorney, the arresting authority, and the Florida Department of Law Enforcement. Unless the state indicates that it has no objection to the requested relief, no petition may be granted until at least 30 days after service of the copies of the petition and affidavit. Notice and hearing shall be as provided in rule 3.590(c).
On January 24, 1997, the state filed an information against S.C. charging him with aggravated battery in violation of section 784.0085(l)(a)(2) Florida Statutes (1997). The information' alleged that S.C.; born May 3, 1979, struck another minor with a bat. The state attorney direct filed S.C. into adult court. On May 29, 1997, S.C. entered a guilty plea and was sentenced to juvenile sanctions, pursuant to section 39.059(7)(C), Florida Statutes (1997). S.C. was given a withhold of adjudication and placed on probation with a number of special conditions. On September 15, 1999, after successfully completing his juvenile sentence, in an effort to have his file become confidential, S.C., by ore tenus motion, sought to have his file moved to juvenile court. The state argued that S.C.’s case was direct filed into adult court and that he should be treated as an adult with respect to the administration of his file. The state objected to the sealing and ex-pungement. After some further discussion, but without the statutorily required petition or supporting affidavit after notice ever having been offered, the trial judge entered the order to expunge S.C.’s court record concerning the charge.
The State argues .that S.C.’s failure to follow the procedure established in Florida Rule of Criminal Procedure 3.692 and sec *1010 tions 943.0585 and 943.059, Florida Statutes (1999), mandate reversal. We agree. The statutory mechanism established for the relief sought in the instant case was not followed. Accordingly, we vacate the order under review without prejudice to S.C.’s ability to seek to expunge his record if done in compliance with established Florida law.