336 So.2d 93 (1976)
James Randolph JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 46672.
Supreme Court of Florida.
July 21, 1976.
Clinton A. Curtis, Woolfolk, Myers, Curtis, Craig & Crews, Lake Wales, and Jack T. Edmund, Bartow, for appellant.
*94 Harold S. Richmond and Richard L. Wilson, Asst. State Attys., for appellee.
BOYD, Justice.
This cause is before us on an appeal from the Leon County Circuit Court. The trial court denied Appellant's motion to expunge, declaring Chapter 74-206, Laws of Florida,[1] to be unconstitutional. This Court has jurisdiction of the direct appeal under Article V, Section 3(b)(1), Florida Constitution.
The facts of the case are as follows.
Appellant was arrested in Tallahassee on December 6, 1968; on January 16, 1969, Appellee filed an information against him, charging possession of marijuana. Appellant's motion to suppress items seized at the time of the search was granted; subsequently, Appellee nol-prossed the information against Appellant. Pursuant to Chapter 74-206, Laws of Florida 1974, on September 11, 1974, Appellant filed his Motion to Expunge Record, by which he sought an order "to expunge all official records relating to [his] arrest... ." Although originally the State Attorney filed a reply to Appellant's motion stating that "the State has no objection" thereto, after inquiry by the court as to possible constitutional defects, the State Attorney subsequently opposed the motion both by brief and oral argument.
Chapter 74-206, Laws of Florida 1974, provides, in part, as follows:
"A person, not having previously been convicted of a criminal offense or municipal ordinance violation, charged with a violation of a municipal ordinance or a felony or misdemeanor, if he was acquitted or released without being adjudicated guilty may file a motion with the court wherein the charge was brought to expunge the record of arrest from the official records of the arresting authority. Notice of such motion shall be served upon the prosecuting authority charged with the duty of prosecuting the offense and upon the arresting authority. The court shall issue an order to expunge all official records relating to such arrest, indictment or information, trial, and dismissal or discharge. Provided, however, the Court shall require that non-public records be retained by the Department of Law Enforcement and shall be made available by said Department only to Law Enforcement Agencies in the event of a future investigation of said person relative to a pending charge, indictment or information upon or against said person for an act which, if committed, would be an offense similar in nature to the offense for which said person had been charged and not found guilty... ."
The lower court found that "the conclusion is inescapable" that the Legislature intended the word "expunge," as used in that statute, to mean to destroy or obliterate, to annihilate physically, to strike out wholly.[2]
Furthermore, the court stated:
"By the statute under consideration, it was the obvious intent of the legislature to eliminate all public records relating to the cases of those persons coming within its terms, so that no inquiring person could ascertain that these defendants had even been the subject of criminal prosecutions... ."
Inasmuch as "[t]he judicial department of government has the inherent power and duty to keep records of its proceedings" and since "[m]any situations arise in which the records of court proceedings are essential in the determining of the rights of people," the court found that "Chapter 74-206 is invalid insofar as it attempts to require courts to destroy records of their judicial acts." It is from this holding that the instant appeal is brought.
As was said in State ex rel. Harrington v. Genung:[3]

*95 "The separation of powers of the three branches of government  legislative, executive and judicial  is a constitutional rule upon which our system of government has survived from its inception. It is essential that to safeguard this system the preservation of the inherent powers of the three branches must be free from encroachment or infringement by one upon the other."
Clearly, the Legislature has the power to enact substantive law,[4] and it is the duty of the courts to enforce such substantive law where constitutional. Likewise, the Constitution establishes judicial power in the court system and vests this Court with the power of administration of the court system, including the establishment of judicial rules of practice and procedure; while such rules may be repealed by a general law enacted by a two-thirds vote of the Legislature, the power to initiate them rests in this Court.[5]
We recognize the value of the expungement statute to society and its innate fairness to people improperly accused. We also recognize that from time immemorial courts have exercised their discretion, on their own initiative or upon motion of the parties, to seal their records from public view wherein the ends of justice may be served. Further, we recognize our duty to construe a statute in such a way as to achieve the legislative intent subject to constitutional restriction on legislative authority. To permit a law to stand wherein the Legislature requires the destruction of judicial records would permit an unconstitutional encroachment by the legislative branch on the procedural responsibilities granted exclusively to this Court.
Therefore, to achieve the legislative purpose in this case we hold that to the extent that Chapter 74-206, Laws of Florida 1974, grants a substantive right to a defendant, the statute is valid; and we find that the law is substantive to the degree that it protects Appellant from having his record left open for public inspection in the Criminal Division of the Circuit Court. To achieve the legislative intent under the unique circumstances of the instant case without violating the Constitution, we direct the learned trial judge to seal Appellant's record and to retain it sealed subject to the power of the court for good cause shown to open it under conditions wherein the ends of justice might require it. If a portion of the record is to be preserved anywhere in state government, the logical place for preserving the actual proceedings is in the court, with such record being made available on a confidential basis to the Department of Law Enforcement, rather than having it left solely with the latter agency.
Nevertheless, insofar as Chapter 74-206, Laws of Florida 1974, attempts to establish procedure for the accomplishment of this new, substantive right, we find and so hold that it is an encroachment upon the judicial function and, therefore, unconstitutional to that degree. Consequently, the Court will consider adoption of a rule to effectuate the legislative intent by requiring the sealing of court records of first offenders found innocent or of those persons against whom criminal proceedings are dismissed. Affirmed in part, reversed in part.
It is so ordered.
OVERTON, C.J., ROBERTS, J., and FERRIS, Circuit Judge, concur.
ADKINS, J., dissents with an opinion, with which ENGLAND, J., concurs in result only.
ENGLAND and SUNDBERG, JJ., dissent.
ADKINS, Justice (dissenting).
In enacting Fla. Stat. § 901.33, F.S.A., the Legislature has attempted to protect an individual who has never been previously convicted of a criminal offense from the stigma resulting from an arrest record. The statute requires the court wherein the charge was brought to "expunge the record of arrest from the official records of the arresting authority."
*96 The majority holds, certainly not without some reason, that such action would lead to the destruction of records of judicial acts and would be an unconstitutional legislative infringement upon the judiciary. Reference is made to the lower court's statement that situations arise in which the records of court proceedings are essential in determining the rights of individuals. That court gave the examples of the officer executing a warrant being sued by a criminal defendant for trespass or being charged with breaking and entering or an accused bringing an action for malicious prosecution. In both cases, the expungement of the official records would preclude the actions. What this fails to take into consideration is the salient fact that the accused has the option of filing a motion to expunge. Obviously, if an accused has grounds to bring a trespass or malicious prosecution suit, he would be ill-advised to file for expungement prior to the determination of such actions. The Legislature has placed no time limitations on the accused's actions.
It should be noted that the lower court indicated that the two examples given did not exhaust all the possibilities where an expunged record could be used to determine individual rights. However, no other use of such records comes to mind which would not be under the control of the accused. The statute provides that non-public records be retained by the Department of Law Enforcement (the mere existence of which records are at least somewhat inconsistent with the majority's definition of expunge), to be made available in the event of a future investigation of an offense similar in nature. This is ample provision for protecting what is the State's only legitimate interest in preserving the records of arrests which result in acquittal or release without an adjudication of guilt.
The majority's reliance on State ex rel. Harrington v. Genung, 300 So.2d 271 (Fla. App.2d 1975) is misplaced. That case involved a statute mandating the release on bail of a certain class of defendants. The court correctly held that the power to admit to bail is a judicial function, which cannot be encroached upon by a coequal branch of government. Here, however, the keeping of records is merely a ministerial function of the judicial system, interference with which is not comparable to interference with the bail process.
The Legislature has attempted to deal with a problem important to a certain group of individuals. The net result is a balancing of societal and individual interests. Society is protected by the provisions which allows the investigative authorities access to non-public files showing arrests for similar offenses, and the individual is given the option of applying for an expungement of arrests which do not result in conviction. The effect on the judicial system is minimal. We stated in Hearns v. State, 223 So.2d 738, 740 (Fla. 1969), which dealt with a statutory requirement that convicted defendants be fingerprinted in open court,
"[I]t is not beyond the legislative province to confer upon the judiciary certain reasonable duties which are designed to promote law enforcement... ."
Given the fact that statutes are strongly presumed to be constitutional, minor interferences with a court's business (the actual destruction of the official records) are clearly an insufficient basis upon which to invalidate.
The majority's compromise of sealing the records does not effectuate the legislative purpose, which clearly mandates the procedure of expungement. This procedure does not provide that a court could for good reason open the records; it directs the court to expunge all official records upon the filing of the appropriate motion.
In addition, it is not altogether clear whether a person whose records are sealed will be able to state without fear of perjury that he has never been arrested. If he is not, then the major purpose of the statute (to allow individuals to avoid the prejudice engendered by an arrest record) fails totally.
For the foregoing reasons I believe that the statute is constitutional and the decision of the trial court should be reversed.
ENGLAND, J., concurs in result only.
NOTES
[1] Now codified as Section 901.33, Florida Statutes.
[2] Black's Law Dictionary (Revised Fourth Edition, 1968).
[3] 300 So.2d 271 (Fla.App. 1974); Simmons v. State, 160 Fla. 626, 36 So.2d 207, 208 (1948); See, also, Article II, Section 3, Florida Constitution.
[4] Article III, Section 1, Florida Constitution.
[5] Article V, Sections 1 and 2, Florida Constitution.