448 So.2d 64 (1984)
Norman M. CANTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-1411.
District Court of Appeal of Florida, Third District.
April 10, 1984.
*65 Dilworth, Paxson, Kalish, Kauffman & Tylander and Lewis M. Petzold, Boca Raton, for appellant.
Jim Smith, Atty. Gen., and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and FERGUSON, JJ.
NESBITT, Judge.
Norman Canter appeals an order denying his motion to expunge and seal the court record concerning a charge filed against him. The order is reviewable by appeal. Capuano v. State, 347 So.2d 629 (Fla. 4th DCA 1977). We reverse.
Canter was charged with three separate incidents of passing bad checks. The case numbers on the respective charges were 79-13001, 79-13002 and 79-13379. Although never formally consolidated, the three cases were handled together in the lower court. Following Canter's successful completion of the Pretrial Diversion Program, the state entered a nolle prosequi in all three cases. Subsequently, Canter, by three separate motions, moved to have the court records in the cases expunged and sealed pursuant to section 943.058, Florida Statutes (1983) and Florida Rule of Criminal Procedure 3.692. All three motions were set for hearing at the same time. Upon learning Canter was making similar motions on three separate cases, the court denied the motion in case number 79-13379. It is clear from the record that the court did not rule on the motions in the other two cases. The motion, affidavit, order and notice of appeal in the record on appeal make reference only to case number 79-13379. Therefore, only the order denying the motion in case number 79-13379 is before us.
The present expungement statute's predecessor, section 901.33, Florida Statutes (1975), was declared unconstitutional in part in Johnson v. State, 336 So.2d 93 (Fla. 1976). The supreme court, however, upheld the statute to the extent it created a substantive right to have one's court records closed to public inspection. The court found the statute invalid only insofar as it attempted to establish judicial procedure. Johnson, 336 So.2d at 95.
In response to Johnson, the legislature enacted the present statute which, in part, provides:
The courts of this state shall continue to have jurisdiction over their own procedures, including the keeping, sealing, expunction, or correction of judicial records containing criminal history information. (emphasis added)
§ 943.058(2), Fla. Stat. (1983). It is clear the legislature was merely conforming the statute to the constitutional mandate of Johnson while retaining the substantive right established in the prior statute.
The present statute sets out the criteria a person must meet before a court can order the expunction or sealing of a record. § 943.058(2)(a)-(d). Through Canter's affidavit submitted in compliance with Florida Rule of Criminal Procedure 3.692(a), and the state's representation to the court that the case had been "nolle prosed," it is apparent that Canter met the criteria. The state did not traverse or demur to the motion or the affidavit, although they had a right to do so. Fla.R. Crim.P. 3.692(b). In fact, it is apparent from the record before us that the state had no objection to the court granting the motion to expunge the record in this case. Although we read the statute as giving the *66 court some discretion, we find that when, as here, Canter met the criteria set out in the statute, the state did not object, and there was no other indication in the record of any pertinent reason for denying the motion, the court abused its discretion in not ordering the records sealed.
For the reasons above, we reverse with directions to enter an order granting Canter's motion to expunge or seal the court record in case number 79-13379.