Mr. Robert R. Dempsey Commissioner Department of Law Enforcement Post Office Box 1489 Tallahassee, Florida 32302
Dear Commissioner Dempsey:
This is in response to your request for an Attorney General Opinion on the following question:
 WHETHER A CANDIDATE FOR EMPLOYMENT WITH A CRIMINAL JUSTICE AGENCY, WHO HAS HAD A CRIMINAL RECORD EXPUNGED, IS UNDER ANY OBLIGATION TO ACKNOWLEDGE THE ARREST THAT IS THE SUBJECT TO THE EXPUNGED RECORDS PURSUANT TO s 943.058(6)(b), F.S.
Whether a candidate for criminal justice employment, who has had a criminal history record expunged, may lawfully fail to acknowledge the subject of the expunged records, is dependent on the order issued by the court. As discussed herein, where the court finds unusual circumstances requiring the exercise of the extraordinary equitable powers of the court and specifically directs the Department of Law Enforcement to expunge its records a candidate for criminal justice employment is under no legal obligation to acknowledge that criminal history record or the events covered thereby.
To address this issue fully, a discussion of the Florida Statutes' provisions regarding expunction may be helpful. In 1974 s 901.33, F.S., was enacted which required the courts in certain circumstances to expunge all records relating to an arrest. See, AGO 75-29. Former s 901.33, F.S., reads as follows:
 901.33 Arrest records; expunging; exceptions. — If a person who has never previously been convicted of a criminal offense or municipal ordinance violation is charged with a violation of a municipal ordinance or a felony or misdemeanor, but is acquitted or released without being adjudicated guilty, he may file a motion with the court wherein the charge was brought to expunge the record of arrest from the official records of the arresting authority. Notice of such motion shall be served upon the prosecuting authority charged with the duty of prosecuting the offense and upon the arresting authority. The court shall issue an order to expunge all official records relating to such arrest, indictment or information, trial, and dismissal or discharge. However, the court shall require that nonpublic records be retained by the Department of Law Enforcement and be made available by said department only to law enforcement agencies in the event of a future investigation of said person relative to a pending charge, indictment, or information against or upon said person for an act which, if committed, would be an offense similar in nature to the offense for which said person had been charged and not found guilty. The court shall not enter an order expunging the records as above provided when there are several acts, or said person has been charged with several offenses originating out of or related to the offense or offenses for which such person had been charged and not found guilty, and when the charge and adjudication of nonguilt did not include all such charges or all such several acts. The effect of such order shall be to restore such person, in the contemplation of the law, to the status he occupied before such arrest or indictment or information. No person as to whom such order has been entered shall be held thereafter under any provision of Florida law to be guilty of perjury or otherwise giving a false statement by reason of his failure to recite or acknowledge such arrest in response to any nonjudicial inquiry made of him for any purpose. (emphasis added)
In 1976 the Florida Supreme Court held that s 901.33, F.S. 1974, was an unconstitutional encroachment by the legislative branch on the procedural responsibilities granted to the Supreme Court regarding judicial records, but that insofar as the statute granted substantive rights to criminal defendants the statute was valid. Johnson v. State, 336 So.2d 93 (Fla. 1976).
The 1980 Legislature repealed s 901.33, F.S., and enacted s 943.058, F.S., in its current form. Section 943.058(2), F.S., recognizes the jurisdiction of the judicial branch over its own procedures, and states in pertinent part as follows:
 The courts of this state shall continue to have jurisdiction over their own procedures, including the keeping, sealing, expunction, or correction of judicial records containing criminal history information. . . .
Insofar as a court has expunged or sealed its own records, a criminal justice candidate would still be required to acknowledge the subject of those records. The reason being that, without further action by the court, local law enforcement and other criminal justice agencies and the Department of Law Enforcement would maintain their criminal justice records in that case. To fully answer your question it is therefore necessary to determine whether the court has ordered the sealing or expunction of local and state criminal justice agency records and Department of Law Enforcement records.
The courts may order sealing or expunction of other criminal justice records (i.e., local or state criminal justice agency records and Department of Law Enforcement records) pursuant to s 943.058(2), F.S., which reads in pertinent part as follows:
 The courts may order the sealing or expunction of any other criminal history record provided:
 (a) The person who is the subject of the record has never previously been adjudicated guilty of a criminal offense or comparable ordinance violation;
 (b) The person who is the subject of the record has not been adjudicated guilty of any of the charges stemming from the arrest or alleged criminal activity to which the records expunction petition pertains;
 (c) The person who is the subject of the record has not secured a prior records expunction or sealing under this section, former s. 893.14, or former s. 901.33; and
 (d) Such record has been sealed under this section, former s. 893.14, or former s. 901.33 for at least 10 years; except that, this condition shall not apply in any instance in which an indictment or information was not filed against the person who is the subject of the record.
Further explanation of the court's authority to order sealing or expunction is provided in s 943.058(3), F.S., which reads in part as follows:
 Upon a finding that the criteria set out in paragraphs (2)(a)-(c) have been met, the records maintained by the department may be ordered sealed by any court of competent jurisdiction; and thereafter such records and other records sealed pursuant to this section, former s. 893.14, former s. 901.33, or similar laws, shall be nonpublic records, available only to the subject, his attorney, or to criminal justice agencies for their respective criminal justice purposes. An order sealing criminal history records pursuant to this subsection shall not be construed to require that the records be surrendered to the court, and such records shall continue to be maintained by the department.
The result of an expungement order rendered pursuant to these conditions would be that all other criminal justice agencies would expunge (destroy) their records but the Department of Law Enforcement would maintain its records under seal.
A candidate for employment with a criminal justice agency whose records have been sealed by the Department of Law Enforcement clearly would be required to acknowledge an arrest covered by the sealed record pursuant to the provisions of s 943.058(6)(b) which read as follows:
 When all criminal history records, except for records retained under seal by the courts or the Department of Law Enforcement, have been expunged, the subject of such records may lawfully deny or fail to acknowledge the events covered by the expunged or sealed records, except in the following circumstances:
 1. When the person who is the subject of the record is a candidate for employment with a criminal justice agency;
 2. When the person who is the subject of the record is a defendant in a criminal prosecution;
 3. When the person who is the subject of the record subsequently petitions for relief under this section; or
 4. When the person who is the subject of the record is a candidate for admission to The Florida Bar.
 The courts or the Department of Law Enforcement may refer to and disseminate information contained in sealed records in any of these circumstances. Subject to the exceptions stated herein, no person as to whom an expunction or sealing has been accomplished shall be held thereafter under any provision of law of this state to be guilty of perjury or to be otherwise liable for giving a false statement by reason of such person's failure to recite or acknowledge expunged or sealed criminal history records. (emphasis added)
Generally, the subject of sealed records may lawfully deny the events covered by the sealed records, but a candidate for employment with a criminal justice agency falls within the above exception, and therefore must acknowledge such a record even though it is sealed.
The court does have limited authority to order the expunction (destruction) of all criminal justice records under the conditions as set forth in s 943.058(3), F.S., which reads in part as follows:
 Notwithstanding subsection (2), criminal history records maintained by the Department of Law Enforcement may be ordered expunged only upon a specific finding by a circuit court of unusual circumstances requiring the exercise of the extraordinary equitable powers of the court. . . .
When the court orders the Department of Law Enforcement records expunged (destroyed), then a candidate for employment with a criminal justice agency is under no legal obligation to acknowledge the existence of the record of arrest or the events covered by the expunged record pursuant to s 943.058(6)(a), F.S., which reads as follows:
 When all criminal history records, including the records maintained by the Department of Law Enforcement and the courts, have been expunged, the subject of such records shall be restored, in the full and unreserved contemplation of the law, to the status occupied before the arrest, indictment, information, or judicial proceedings covered by the expunged record.
In other words, the expunction of records including those maintained by the Department of Law Enforcement and the courts, relieves a candidate for employment with a criminal justice agency from the legal obligation to acknowledge the events covered by an expunged record of arrest.
In conclusion, a court order for expunction of a criminal history record will generally require local and state criminal justice agencies to destroy all records in that case, and the Department of Law Enforcement to maintain a sealed copy of the records. Under unusual circumstances a court may order other criminal justice agencies and the Department of Law Enforcement to expunge (destroy) all records of a certain case. Under this latter circumstance a candidate for employment with a criminal justice agency is under no legal obligation to acknowledge events covered by the expunged record.
Sincerely,
Jim Smith Attorney General
Prepared by:
Randall Holland Assistant Attorney General