Honorable Martha O. Haynie Orange County Comptroller
QUESTION: 1. Is the clerk of circuit court authorized to expunge a court order from the Official Records, in the absence of a court order directing such action? 2. If the answer to Question One is yes, then is the clerk of circuit court authorized to expunge a court order from the Official Records, in the absence of a court order specifically directing expungement, upon presentation of evidence that the court order was not executed, approved, or acknowledged by the vendors pursuant to s. 696.01, F.S.?
SUMMARY: A clerk of circuit court is not authorized, in the absence of direction from the court, to expunge a court order from the Official Records. The clerk of the circuit court is mandated by statute to record "all instruments that he may be required or authorized by law to record in the county where he is clerk."[1]
The statute states that:
The clerk of the circuit court shall record the following kinds of instruments presented to him for recording, upon payment of the service charges prescribed by law:
* * *
 (c) Judgments, including certified copies of judgments, entered by any court of this state or by a United States court having jurisdiction in this state and assignments, releases, and satisfactions of the judgments.[2]
The statute set forth above provides that the clerk shall
record the specified documents upon payment of the service charge. The term "shall" in a statute has a mandatory connotation.[3]
In performing this duty, the clerk of circuit court acts in a purely ministerial capacity and has no discretion to determine the sufficiency of the documents presented for filing.[4]
With regard to the destruction of records, the clerk is authorized by s. 28.30, F.S., to destroy certain records to facilitate the efficient operation of that office. Pursuant to this statute, the clerk of the circuit court of each county is authorized to destroy "all vouchers and canceled warrants" as provided therein.[5]
The destruction of bonds or other instruments to secure the performance or nonperformance of any act or matter is provided for in s. 28.32, F.S. Nothing in Ch. 28, F.S., authorizes the clerk of circuit court to expunge final judgments filed in the official records.
In fact, it is generally the rule that the clerk, except to the extent that permission may be given by statute, has no authority on his own and without an order or direction of the court to amend, change, or correct a judgment of record.[6] A judgment must be corrected if it is irregular or erroneous, by a proper proceeding for that purpose undertaken by the court by which it was rendered.[7] Even in exercising its power of making necessary amendments to its records, a court generally has no authority to change or mutilate the papers or records already on file.[8]
The Florida Rules of Civil Procedure prescribe procedures for the courts to correct judgments, decrees or orders for clerical and other mistakes, inadvertence, excusable neglect, newly discovered evidence and fraud. When the error is related to a clerical mistake, the court may make corrections at any time on its own initiative or on the motion of any party and after notice.[9]
Pursuant to a motion and "upon such terms as are just," the courts may relieve a party from a final judgment for such things as inadvertence, newly discovered evidence, or fraud.[10]
Thus, the appropriate procedure for correcting an error contained in a judgment of record is a proceeding in which the court remedies the error.
It is my opinion that a clerk of circuit court has no authority on his or her own initiative to expunge a court order from the Official Records.
[1] Section 28.222(1), F.S.
[2] Section 28.222(3), F.S. And see, s. 28.29, F.S., which provides, in part, that "[o]rders of dismissal and final judgments of the courts in civil actions shall be recorded in official records."
[3] See, AGO 91-18 (if the clerk can determine that an instrument, even though illegible, is entitled to be recorded, it must be recorded if properly executed and upon payment of the clerk's fee); Neal v. Bryant, 149 So.2d 529 (Fla. 1962).
[4] See, AGO 91-18 and cases cited therein.
[5] See, s. 28.30(2), F.S.
[6] 49 C.J.S. Judgments s. 233.
[7] Id. ss. 235 and 250.
[8] 21 C.J.S. Courts s. 232, p. 435 (1940). Cf., AGO 84-81 which states that information which reveals the identity of the victim of the crime of sexual battery or the victim of child abuse which is contained in public records made part of a court file and not closed by court order is not exempt from public disclosure under the Public Records Law; further, even assuming such information was exempt from s. 119.07(1), F.S., the clerk could not permit or require the alteration or partial destruction of original documents, pleadings or other materials in "court criminal files" in the clerk's custody; and Johnson v. State,336 So.2d 93 (Fla. 1976) (a case involving the expunction of arrest records in which The Florida Supreme Court recognized the authority of the courts, in their discretion, to seal judicial records from public view where the ends of justice may be served by such action).
[9] Fla.R.Civ.P. 1.540(a).
[10] Id. at (b).