PER CURIAM.
We consolidate these appeals and affirm.[1] In both cases, the lower courts sealed juvenile court records upon motions filed pursuant to section 943.059, Florida Statutes (2010) and Florida Rule of Criminal Procedure 3.692. The State’s challenge in each case is directed to those portions of the orders that seal juvenile court records. Although statutory authority exists to seal judicial and non-judicial records of a “minor or an adult,” the State contends that, pursuant to Johnson v. State, 336 So.2d 93 (Fla.1976), the control of court records is within the exclusive jurisdiction of the judiciary. Because there is not a juvenile rule of procedure pertaining to the sealing of juvenile court records, the State contends that the lower courts erred in doing so. The State makes no challenge on substantive grounds.[2]
Although the rules of criminal procedure do not generally pertain to juvenile proceedings, rule 3.692 is expressly applicable to “all” petitions to seal or expunge. Even if rule 3.692 is not applicable, the trial court has the authority to utilize this procedure in the absence of a conflicting rule. Fla. R. Jud. Admin. 2.420(c)(9)(A)(vii).
AFFIRMED.
GRIFFIN, SAWAYA and TORPY, JJ., concur.

. Although we had initially ordered that both appeals proceed as Petitions for Certiorari, we recede from those orders and treat both proceedings as direct appeals.

. The State only argues that juvenile court records need not be sealed because the proceedings are confidential.