# Supreme Court of Florida

_____

No. SC19-1983

_____

**IN RE: AMENDMENTS TO FLORIDA RULES OF CRIMINAL PROCEDURE 3.692 AND 3.989—2019 FAST-TRACK REPORT.**

December 19, 2019

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Criminal Procedure. *See* Fla. R. Jud. Admin. 2.140(e)(1). We have jurisdiction[1] and adopt the amendments as proposed.

The Florida Bar's Criminal Procedure Rules Committee (Committee) filed a fast-track out-of-cycle report proposing amendments to rules 3.692 (Petition to Seal or Expunge) and 3.989 (Affidavit; Petition; and Order to Expunge or Seal Forms), and proposing new rules 3.693 (Petition to Seal or Expunge; Human Trafficking), 3.694 (Petition to Seal or Expunge; Lawful Self-Defense Expunction), and 3.9895 (Human Trafficking: Sworn Statement; Petition; and

_____

1. *See* art. V, § 2(a), Fla. Const.

Order to Expunge or Seal Records). The Committee's proposals are in part based upon recent legislation, *see* chapter 2019-167, sections 47, 50, and 51, Laws of Florida, and are otherwise organizational.

Rule 3.962 is reorganized to pertain to the sealing and expunction of criminal history records pursuant to sections 943.0585, Court-ordered expunction of criminal history records, and 943.059, Court-ordered sealing of criminal history records, Florida Statutes (2019). New rules 3.693 and 3.9895 pertain to and are to be used by human trafficking victims seeking to seal or expunge related criminal records. New rule 3.694 pertains to sealing or expunging criminal records based upon a lawful self-defense pursuant to chapter 776, Florida Statutes (2019), Justifiable Use of Force. Finally, rule 3.989 is amended largely to remove portions of the form into new rule 3.9895.

Accordingly, the Florida Rules of Criminal Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested

persons shall have seventy-five days from the date of this opinion in which to file

comments with the Court.[2]

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ.,
concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE
EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceedings – Florida Rules of Criminal Procedure

Jane A. McNeill, Chair, Criminal Procedure Rules Committee, Bartow, Florida;
and Joshua E. Doyle, Executive Director, and Krys Godwin, Staff Liaison, The
Florida Bar, Tallahassee, Florida,

---

2. All comments must be filed with the Court on or before March 3, 2020,
with a certificate of service verifying that a copy has been served on the
Committee Chair, Jane Allie McNeill, 255 North Broadway Avenue, Floor 3,
Bartow, Florida 33830-3912, jmcneill@pd10.org, and on the Bar Staff Liaison to
the Committee, Krys Godwin, 651 E. Jefferson Street, Tallahassee, Florida 32399-
2300, kgodwin@floridabar.org, as well as a separate request for oral argument if
the person filing the comment wishes to participate in oral argument, which may
be scheduled in this case. The Committee Chair has until March 24, 2020, to file a
response to any comments filed with the Court. If filed by an attorney in good
standing with The Florida Bar, the comment must be electronically filed via the
Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing
in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla.
Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer
not licensed to practice in Florida, the comment may be, but is not required to be,
filed via the Portal. Comments filed via the Portal must be submitted in Microsoft
Word 97 or higher. *See In re Electronic Filing in the Florida Supreme Court*, Fla.
Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a
comment electronically must mail or hand-deliver the originally signed comment
to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street,
Tallahassee, Florida 32399-1927; no additional copies are required or will be
accepted.

for Petitioner

**APPENDIX**

**RULE 3.692.** **PETITION TO SEAL OR EXPUNGE**

**(a)** **Requirements of Petition.**

(1) All relief sought by reason of sections 943.0585 ~~943.059~~, Florida Statutes, shall be by written petition, filed with the clerk. The petition ~~shall state the grounds on which it is based and the official records to which it is directed and shall be supported by an affidavit of the party seeking relief, which affidavit shall state with particularity the statutory grounds and the facts in support of the motion. A petition seeking to seal or expunge nonjudicial criminal history records must be accompanied by a certificate of eligibility issued to the petitioner by the Florida Department of Law Enforcement.~~must be accompanied by:

(A) a valid certificate of eligibility issued by the Florida Department of Law Enforcement; and

(B) a sworn statement by the petitioner attesting that the petitioner:

(i) satisfies the eligibility requirement in section 943.0585(1), Florida Statutes;

(ii) is eligible for an expunction to the best of the petitioner's knowledge; and

(iii) does not have any other petition to seal or expunge a criminal history record pending before any court.

~~A copy of t~~The completed petition, ~~and affidavit~~sworn statement, and certificate of eligibility shall be served on the prosecuting attorney and the arresting authority; however, it is not necessary to make any agency other than the state a party.

(2) ~~All relief sought by reason of section 943.0583, Florida Statutes, shall be by written petition, filed with the clerk. The petition shall state the grounds on which it is based and the official records to which it is directed; shall be supported by the petitioner's sworn statement attesting that the petitioner is eligible for such an expunction; and to the best of his or her knowledge or belief that the petitioner does not have any other petition to expunge or any petition to seal pending before any court; and shall be accompanied by official documentation~~

~~of the petitioner's status as a victim of human trafficking, if any exists. A petition to expunge, filed under section 943.0583, Florida Statutes, is not required to be accompanied by a certificate of eligibility from the Florida Department of Law Enforcement. A copy of the completed petition, sworn statement, and any other official documentation of the petitioner's status as a victim of human trafficking, shall be served on the prosecuting attorney and the arresting authority.~~All relief sought pursuant to section 943.059, Florida Statutes, shall be by written petition, filed with the clerk. The petition must be accompanied by:

        (A)   a valid certificate of eligibility issued by the Florida Department of Law Enforcement; and

        (B)   a sworn statement by the petitioner attesting that the petitioner:

        (i)   satisfies the eligibility requirement in section 943.059(1), Florida Statutes;

        (ii)   is eligible for a sealing to the best of the petitioner's knowledge; and

        (iii)   does not have any other petition to seal or expunge a criminal history record pending before the court.

The completed petition, sworn statement, and certificate of eligibility shall be served on the prosecuting attorney and the arresting authority; however, it is not necessary to make any agency other than the state a party.

**(b)**   **State's Response; Evidence.** The prosecuting attorney and arresting agency may respond to the petition and ~~affidavit~~sworn statement. The court may receive evidence on any issue of fact necessary to rule on the petition.

**(c)**   **Written Order.** If the petition is granted, the court shall enter its written order so stating and further setting forth the records and agencies or departments to which it is directed. Any request for expunging or sealing of a criminal history record may be denied at the sole discretion of the court. The court may not order a criminal justice agency to expunge or seal a criminal history record until the petitioner has applied for and received a certificate of eligibility.

**(d)** ~~Copies of Order. On the receipt of an order sealing or expunging nonjudicial criminal history records, the clerk shall furnish a certified copy thereof to each agency or department named therein except the court.~~

~~(e)~~ **Clerk's Duties.**

(1)  On receipt of an order sealing or expunging non judicial criminal history records, the clerk shall:

(A)  furnish a certified copy thereof to each agency or department named therein except the court;

(B)  certify copies of the order to the appropriate state attorney, or statewide prosecutor, and the arresting agency; and

(C)  certify a copy of the order to any other agency that the records of the court reflect has received the criminal history record from the court.

(2)  In regard to the official records of the court, including the court file of the cause, the clerk shall:

(~~1~~A)  remove from the official records of the court, excepting the court file, all entries and records subject to the order, provided that, if it is not practical to remove the entries and records, the clerk shall make certified copies thereof and then expunge by appropriate means the original entries and records;

(~~2~~B)  seal the entries and records, or certified copies thereof, together with the court file and retain the same in a nonpublic index, subject to further order of the court (see *Johnson v. State*, 336 So. 2d 93 (Fla. 1976)); and

(~~3~~C)  in multi-defendant cases, make a certified copy of the contents of the court file that shall be sealed under subdivision (d)(2)(B). Thereafter, all references to the petitioner shall be expunged from the original court file.

**(~~f~~e)  Costs.** Petitioner shall bear all costs of certified copies unless petitioner is indigent.

## Committee Notes

**1984 Amendment.** Substantially the same as the former rule. The statutory reference in (1) was changed to cite the current statute and terminology was

changed accordingly. Subdivision (f) of the former rule was deleted because it dealt with substantive matters covered by section 943.058, Florida Statutes (1981).

**2000 Amendment.** Substantially the same as the former rule, but references to certificate of eligibility for obtaining nonjudicial criminal history records were added pursuant to *State v. D.H.W.*, 686 So. 2d 1331 (Fla. 1996).

**2019 Amendment.** Subdivisions addressing human trafficking were moved to rule 3.693.

## RULE 3.693.    PETITION TO SEAL OR EXPUNGE; HUMAN TRAFFICKING

**(a)    Requirements of Petition.**

(1)    A person who is a victim of human trafficking may petition for the expunction of a criminal history record pursuant to section 943.0583, Florida Statutes. The petition shall be in writing and filed with the clerk of court in any county in the circuit in which the petitioner was arrested. The petition need not be filed in the court where the petitioner's criminal proceeding originally occurred. The petition must be initiated by the petitioner with due diligence after the victim has ceased to be a victim of human trafficking or has sought services for victims of human trafficking. The petition to expunge is complete only when accompanied by:

(A)    the petitioner's sworn statement attesting that the petitioner is eligible for such an expunction to the best of his or her knowledge or belief and does not have any other petition to expunge or any petition to seal pending before any court; and

(B)    official documentation of the petitioner's status as a victim of human trafficking, if any exists.

The petition to expunge need not be accompanied by a certificate of eligibility from the Florida Department of Law Enforcement. The completed petition, sworn statement, and any other official documentation of the petitioner's status as a victim of human trafficking, shall be served on the prosecuting attorney and the arresting authority; however, it is not necessary to make any agency other than the state a party.

**(b)  State's Response; Evidence.** The prosecuting attorney and arresting agency may respond to the petition. Official documentation of the victim's status creates a presumption that his or her participation in the offense was a result of having been a victim of human trafficking but is not required for granting a petition under section 943.0583, Florida Statutes. A determination made without such official documentation must be made by a showing of clear and convincing evidence. Determination of the petition under section 943.0583, Florida Statutes, should be by a preponderance of the evidence.

**(c)  Written Order.** If the petition is granted, the court shall enter its written order so stating and further setting forth the records and agencies or departments to which it is directed.

**(d)  Clerk's Duties.**

(1)  On the receipt of an order sealing or expunging nonjudicial criminal history records, the clerk shall:

(A)  furnish a certified copy thereof to each agency or department named therein except the court;

(B)  certify copies of the order to the appropriate prosecuting attorney and the arresting agency; and

(C)  certify a copy of the order to any other agency which the records of the court reflect has received the criminal history record from the court.

(2)  In regard to the official records of the court, including the court file of the cause, the clerk shall:

(A)  remove from the official records of the court, excepting the court file, all entries and records subject to the order, provided that, if it is not practical to remove the entries and records, the clerk shall make certified copies thereof and then expunge by appropriate means the original entries and records;

(B)  seal the entries and records, or certified copies thereof, together with the court file and retain the same in a nonpublic index, subject to further order of the court (see *Johnson v. State*, 336 So. 2d 93 (Fla. 1976)); and

(C)  in multi-defendant cases, make a certified copy of the contents of the court file that shall be sealed under subdivision (d)(2)(B).

Thereafter, all references to the petitioner shall be expunged from the original court file.

**(e)     Costs.** Petitioner shall bear all costs of certified copies unless petitioner is indigent.

**Committee Notes**

**2019 Amendment.** Rule 3.693 was previously a part of rule 3.692.

**RULE 3.694.     PETITION TO SEAL OR EXPUNGE; LAWFUL SELF-DEFENSE EXPUNCTION**

**(a)     Requirements of Petition.** All relief sought by reason of section 943.0578, Florida Statutes, shall be by written petition, filed with the clerk. The petition must be accompanied by:

     (1)     a valid certificate of eligibility for expunction issued by the Florida Department of Law Enforcement pursuant to this section; and

     (2)     the petitioner's sworn statement attesting that the petitioner is eligible for such an expunction to the best of his or her knowledge or belief.

In judicial proceedings under this section, the completed petition to expunge shall be served upon the appropriate state attorney or the statewide prosecutor and upon the arresting agency; however, it is not necessary to make any agency other than the state a party.

**(b)     State's Response.** The appropriate state attorney or the statewide prosecutor and the arresting agency may respond to the court regarding the completed petition to expunge.

**(c)     Written Order.** If the petition is granted, the court shall enter its written order so stating and further setting forth the records and agencies or departments to which it is directed. Any request for expunging or sealing of a criminal history record may be denied at the sole discretion of the court. The court may not order a criminal justice agency to expunge or seal a criminal history record until the petitioner has applied for and received a certificate of eligibility.

**(d)  Clerk's Duties.**

(1)  On the receipt of an order sealing or expunging nonjudicial criminal history records, the clerk shall:

(A)  furnish a certified copy thereof to each agency or department named therein except the court;

(B)  certify copies of the order to the appropriate prosecuting attorney and the arresting agency; and

(C)  certify a copy of the order to any other agency which the records of the court reflect has received the criminal history record from the court.

(2)  In regard to the official records of the court, including the court file of the cause, the clerk shall:

(A)  remove from the official records of the court, excepting the court file, all entries and records subject to the order, provided that, if it is not practical to remove the entries and records, the clerk shall make certified copies thereof and then expunge by appropriate means the original entries and records;

(B)  seal the entries and records, or certified copies thereof, together with the court file and retain the same in a nonpublic index, subject to further order of the court (see *Johnson v. State*, 336 So. 2d 93 (Fla. 1976)); and

(C)  in multi-defendant cases, make a certified copy of the contents of the court file that shall be sealed under subdivision (d)(2)(B). Thereafter, all references to the petitioner shall be expunged from the original court file.

**(e)  Costs.** Petitioner shall bear all costs of certified copies unless petitioner is indigent.

## Committee Notes

**2019 Amendment.** New rule to address section 943.0578, Florida Statutes.

- 11 -

# RULE 3.989.      ~~AFFIDAVIT~~SWORN STATEMENT; PETITION; AND ORDER TO EXPUNGE OR SEAL FORMS

**(a)      ~~Affidavit~~Sworn Statement in Support of Petition.**

In the Circuit Court of the
       Judicial Circuit,
in and for             
County, Florida

Case No.:           
Division           

State of Florida,         )
)
   Plaintiff,         )
)
v.               )
)
                 ,   )
)
   Defendant/Petitioner   )
)

## ~~AFFIDAVIT~~SWORN STATEMENT

State of Florida

County of           

I, .....(name of defendant/petitioner)....., am the defendant/petitioner in the above-styled cause and I do hereby swear or affirm that:

     1.      I fully understand the meaning of all of the terms of this ~~affidavit~~sworn statement.

     2.      I have never been adjudicated guilty of a criminal offense or a comparable ordinance violation nor adjudicated delinquent for committing a felony or a misdemeanor specified in section 943.051(3)(b), Florida Statutes.

     3.      I was arrested on .....(date)....., by .....(arresting agency)....., and I have not been adjudicated guilty of, nor adjudicated delinquent for committing, any of the acts stemming from that arrest or the alleged criminal activity surrounding my arrest.

     4.      I am eligible for the relief requested, to the best of my knowledge and belief, and do not have any other petition to expunge or seal pending before any court.

5.　　I have never secured a prior records expunction or sealing under section 943.0585 or 943.059, Florida Statutes, or under former section 893.14, 901.33, or 943.058, Florida Statutes, or the record is otherwise eligible for expunction because it has been sealed for at least 10 years.

6.　　(For use in expunction petitions only.) My record of arrest for this date has been sealed for at least 10 years; or an indictment, information, or other charging document was not filed against me for the above criminal transaction; or an indictment, information, or other charging document filed against me was dismissed by the prosecutor or the court.

_____

Petitioner

Sworn to and subscribed before me on .....(date)......

_____

NOTARY PUBLIC, or other person authorized to administer an oath

Printed, typed, or stamped commissioned name of Notary Public

Personally known .......... or produced identification ...........

Type of identification produced ....................

My commission expires:

**(b)    Order to Expunge.**

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Case No.: _____
Division _____

State of Florida,                           )
                                            )
    Plaintiff,                              )
                                            )
v.                                          )
                                            )
_____,        )
                                            )
    Defendant/Petitioner.              )
_____          )

ORDER TO EXPUNGE UNDER
SECTION 943.0585, FLORIDA STATUTES,
AND FLORIDA RULE OF CRIMINAL PROCEDURE 3.692

THIS CAUSE having come on to be heard before me this date on a petition to expunge certain records of the petitioner's arrest on .....(date)....., by .....(arresting agency)....., for .....(charges)....., and the court having heard argument of counsel and being otherwise fully advised in the premises, the court hereby finds the following:

1.    The petitioner has never previously been adjudicated guilty of a criminal offense or a comparable ordinance violation nor adjudicated delinquent for committing a felony or a misdemeanor specified in section 943.051(3)(b), Florida Statutes.

2.    The petitioner was not adjudicated guilty of nor adjudicated delinquent for committing any of the acts stemming from the arrest or criminal activity to which this expunction petition pertains.

3.    The petitioner has not secured a prior records expunction or sealing under section 943.0585 or 943.059, Florida Statutes, or under former section 893.14, 901.33, or 943.058, Florida Statutes, or the record is otherwise eligible for expunction because it has been sealed for at least 10 years.

4.    This record has either been sealed for at least 10 years; or no indictment, information, or other charging document was ever filed in this case against the petitioner; or an indictment, information, or other charging document filed against the defendant was dismissed by the prosecutor or the court.

- 14 -

5.	A Certificate of Eligibility issued by the Florida Department of Law Enforcement accompanied the petition for expunction of nonjudicial criminal history records. Whereupon it is

ORDERED AND ADJUDGED that the petition to expunge is granted. All court records pertaining to the above-styled case shall be sealed in accordance with the procedures set forth in Florida Rule of Criminal Procedure 3.692; and it is further

ORDERED AND ADJUDGED that the clerk of this court shall forward a certified copy of this order to the (check one) ..... state attorney, ..... special prosecutor, ..... statewide prosecutor, ..... .....(arresting agency)....., and the Sheriff of ........................ County, who will comply with the procedures set forth in section 943.0585, Florida Statutes, and appropriate regulations of the Florida Department of Law Enforcement, and who will further forward a copy of this order to any agency that their records reflect has received the instant criminal history record information; and it is further

ORDERED AND ADJUDGED that .....(arresting agency)..... shall expunge all information concerning indicia of arrest or criminal history record information regarding the arrest or alleged criminal activity to which this petition pertains in accordance with the procedures set forth in section 943.0585, Florida Statutes, and Florida Rule of Criminal Procedure 3.692.

All costs of certified copies involved herein are to be borne by the ...................

DONE AND ORDERED in Chambers at .................... County, Florida, on .....(date)......

_____
Circuit Court Judge

**(c)** **Order to Seal.**

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Case No.: _____
Division _____

State of Florida,     )
               )
    Plaintiff,    )
               )
v.             )
               )
_____,   )
               )
    Defendant/Petitioner.   )
_____   )

ORDER TO SEAL RECORDS UNDER
SECTION 943.059, FLORIDA STATUTES,
AND FLORIDA RULE OF CRIMINAL PROCEDURE 3.692

THIS CAUSE having come on to be heard before me this date on petitioner's petition to seal records concerning the petitioner's arrest on .....(date)....., by the .....(arresting agency)....., and the court having heard argument of counsel and being otherwise advised in the premises, the court hereby finds:

1.     The petitioner has never been previously adjudicated guilty of a criminal offense or comparable ordinance violation nor adjudicated delinquent for committing a felony or a misdemeanor specified in section 943.051(3)(b), Florida Statutes.

2.     The petitioner was not adjudicated guilty of nor adjudicated delinquent for committing any of the acts stemming from the arrest or criminal activity to which the instant petition pertains.

3.     The petitioner has not secured a prior records expunction or sealing under section 943.0585 or 943.059, Florida Statutes, or under former section 893.14, 901.33, or 943.058, Florida Statutes.

4.     A Certificate of Eligibility issued by the Florida Department of Law Enforcement accompanied the instant petition for sealing nonjudicial criminal history records. Whereupon it is

ORDERED AND ADJUDGED that the petition to seal records is granted. All court records pertaining to the above-styled case shall be sealed in accordance with the procedures set forth in Florida Rule of Criminal Procedure 3.692; and it is further

ORDERED AND ADJUDGED that the clerk of this court shall forward a certified copy of this order to the (check one) ..... state attorney, ..... special prosecutor, ..... statewide prosecutor, ..... .....(arresting agency)....., and the ..... Sheriff of .................... County, who will comply with the procedures set forth in section 943.059, Florida Statutes, and appropriate regulations of the Florida Department of Law Enforcement, and who will further forward a copy of this order to any agency that their records reflect has received the instant criminal history record information; and it is further

ORDERED AND ADJUDGED that .....(arresting agency)..... shall seal all information concerning indicia of arrest or criminal history record information regarding the arrest or alleged criminal activity to which this petition pertains in accordance with the procedures set forth in section 943.059, Florida Statutes, and Florida Rule of Criminal Procedure 3.692.

All costs of certified copies involved herein are to be borne by the ....................

DONE AND ORDERED in Chambers at .................... County, Florida, on .....(date)......

_____
Circuit Court Judge

**(d)** **Petition to Expunge or Seal.**

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Case No.: _____
Division _____

State of Florida,          )
                          )
    Plaintiff,             )
                          )
v.                        )
                          )
_____,        )
                          )
    Defendant/Petitioner   )
_____         )

PETITION TO EXPUNGE OR SEAL

The petitioner, ...................., by and through the undersigned attorney, petitions this honorable court, under Florida Rule of Criminal Procedure 3.692 and section ..... 943.0585, or ..... section 943.059 Florida Statutes, to .....expunge/seal..... all criminal history record information in the custody of any criminal justice agency and the official records of the court concerning the petitioner's arrest on .....(date)....., by .....(arresting agency)....., for .....(charges)....., and as grounds therefor shows:

    1.    On .....(date)....., the petitioner, ...................., a .....(race/sex)....., whose date of birth is .....(date of birth)....., was arrested by .....(arresting agency)....., and charged with .....(charges)......

    2.    The petitioner has not been adjudicated guilty of nor adjudicated guilty of committing any of the acts stemming from this arrest or alleged criminal activity.

    3.    The petitioner has not been previously adjudicated guilty of a criminal offense or a comparable ordinance violation, in this state nor adjudicated delinquent for committing a felony or a misdemeanor specified in section 943.051(3)(b), Florida Statutes.

    4.    The petitioner has not secured a prior records expunction or sealing under section 943.0585 or 943.059, Florida Statutes, or under former section 943.058, 893.14, Florida Statutes, or 901.33, Florida Statutes.

    5.    (To be used only when requesting expunction.) The petitioner's record has been sealed under section 943.059, Florida Statutes, or under former section 943.058, 893.14, or

- 18 -

901.33, Florida Statutes, for at least 10 years; or there has not been an indictment, information, or other charging document filed against the petitioner who is the subject of this criminal history record information; or an indictment, information, or other charging document filed against the petitioner who is the subject of this criminal history information was dismissed by the prosecutor or the court.

6.      A Certificate of Eligibility for .....expunction/sealing..... of nonjudicial criminal history records issued by the Florida Department of Law Enforcement accompanies this petition.

WHEREFORE, the petitioner moves to .....expunge/seal..... any criminal history record information and any official court records regarding his/her arrest by .....(arresting agency)....., for .....(charges)....., on .....(date)......

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been served on .....(name of prosecuting authority)....., (check one) ..... State Attorney for the .......... Judicial Circuit, in and for .................... County, ..... Special Prosecutor, ..... Statewide Prosecutor; .....(arresting agency).....; .................... (Sheriff of county in which defendant was arrested, if different); and the Florida Department of Law Enforcement, on .....(date)......

Name:
Address:
City/State:
Telephone Number:
E-mail Address:
Fla. Bar No.:

**(e)** **Petition to Expunge; Human Trafficking Victim.**

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Case No.: _____
Division _____

State of Florida, _____ )
_____ )
_____ Plaintiff, _____ )
_____ )
v. _____ )
_____ )
_____, )
_____ )
_____ Defendant/Petitioner _____ )
_____ )

PETITION TO EXPUNGE/HUMAN TRAFFICKING VICTIM

The petitioner, ...................., by and through the undersigned attorney, petitions this honorable court, under Florida Rule of Criminal Procedure 3.692 and section 943.0583, Florida Statutes, to expunge all criminal history record information in the custody of any criminal justice agency and the official records of the court concerning the petitioner's arrest and/or conviction on .....(date(s))....., by .....(arresting agency and/or prosecuting authority)....., for .....(charges and/or offenses)....., and as grounds therefor shows:

1.      On .....(date(s))....., the petitioner, ...................., a .....(race/sex)....., whose date of birth is .....(date of birth)....., was arrested by .....(arresting agency)....., and charged with .....(charges)..... or was convicted by .....(name of prosecuting authority)..... of .....(offenses)......

2.      The petitioner has been the victim of human trafficking, as discussed in section 787.06, Florida Statutes, and has committed, or is reported to have committed, an offense, other than those offenses listed in section 775.084(1)(b)1, Florida Statutes, which was committed, or reported to have been committed, as a part of a human trafficking scheme of which he/she was the victim or at the direction of an operator of the scheme as evidenced by the attached official documentation of his/her status, or may be shown by clear and convincing evidence presented to the Court.

WHEREFORE, the petitioner moves to expunge any criminal history record information and any official court records regarding his/her arrest and/or conviction by .....(arresting agency and/or name of prosecuting authority)....., for .....(charges and/or offenses)....., on .....(date(s))......

- 20 -

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been served on .....(name of prosecuting authority)....., (check one) ..... State Attorney for the ......... Judicial Circuit, in and for .................... County, ..... Special Prosecutor, ..... Statewide Prosecutor; .....(arresting agency).....; .................... (Sheriff of county in which defendant was arrested, if different); and the Florida Department of Law Enforcement, on .....(date)......

Name:
Address:
City/State:
Telephone Number:
E-mail Address:
Fla. Bar No.:

Personally known ………. or produced identification ……….

Type of identification procedure ………..

My commission expires:

**(f)     Affidavit in Support of Petition; Human Trafficking Victim.**

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Case No.: _____
Division _____

State of Florida,                                    )
_____                )
    Plaintiff,                                         )
_____                )
v.                                                      )
_____                )
_____,              )
_____                )
    Defendant/Petitioner                )
_____                )

AFFIDAVIT/HUMAN TRAFFICKING VICTIM

State of Florida

County of _____

I, .....(name of defendant/petitioner)....., am the defendant/petitioner in the above-styled cause and I do hereby swear or affirm that:

1.     I fully understand the meaning of all of the terms of this affidavit.

2.     I have been the victim of human trafficking, as discussed in section 787.06, Florida Statutes, and have committed, or was reported to have committed, an offense, other than those offenses listed in section 775.084(1)(b)1, Florida Statutes, which was committed, or reported to have been committed, as a part of a human trafficking scheme of which I was the victim or at the direction of an operator of the scheme.

3.     I was arrested and/or convicted on .....(date(s))....., by .....(arresting agency and/or name of prosecuting authority)......

4.     I am eligible for the relief requested, to the best of my knowledge and belief, and .....(do or do not)..... have any other petition to expunge or seal pending before any court.

_____

Petitioner

Sworn to and subscribed before me on .....(date)......

_____

NOTARY PUBLIC, or other person
authorized to administer an oath

Printed, typed, or stamped
commissioned name of Notary Public

Personally known .......... or produced identification ...........

Type of identification produced ....................

My commission expires:

**(g)   Order to Expunge; Human Trafficking Victim.**

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Case No.: _____
Division _____

State of Florida,                    )
                                     )
    Plaintiff,                       )
                                     )
v.                                   )
                                     )
_____,         )
                                     )
    Defendant/Petitioner             )
_____          )

ORDER TO EXPUNGE, HUMAN TRAFFICKING VICTIM,
UNDER SECTION 943.0583, FLORIDA STATUTES,
AND FLORIDA RULE OF CRIMINAL PROCEDURE 3.692

THIS CAUSE, having come on to be heard before me this date upon a petition to expunge certain records of the petitioner's arrest and/or conviction on .....(date(s))....., by .....(arresting agency and/or name of prosecuting authority)....., for .....(charges and/or offenses)....., and the court having heard argument of counsel and being otherwise fully advised in the premises, the court hereby finds the following:

The petitioner has been the victim of human trafficking, as discussed in section 787.06, Florida Statutes, and has committed an offense, or is reported to have committed, other than those offenses listed in section 775.084(1)(b)1, Florida Statutes, which was committed, or reported to have been committed, as a part of a human trafficking scheme of which he/she was the victim, or at the direction of an operator of the scheme. A conviction expunged under this section is deemed to have been vacated due to a substantive defect in the underlying criminal proceedings.

**Whereupon it is**

ORDERED AND ADJUDGED that the petition to expunge is granted. All court records pertaining to the above-styled case shall be sealed in accordance with the procedures set forth in Florida Rule of Criminal Procedure 3.692; and it is further

ORDERED AND ADJUDGED that the clerk of this court shall forward a certified copy of this order to the (check one) ..... state attorney, ..... special prosecutor, ..... statewide

prosecutor, ..... .....(arresting agency)....., and the Sheriff of ......................... County, who will comply with the procedures set forth in section 943.0583, Florida Statutes, and appropriate regulations of the Florida Department of Law Enforcement, and who will further forward a copy of this order to any agency that their records reflect has received the instant criminal history record information; and it is further

ORDERED AND ADJUDGED that .....(arresting agency)..... shall expunge all information concerning indicia of arrest, conviction, or criminal history record information regarding the arrest, conviction, or alleged criminal activity to which this petition pertains in accordance with the procedures set forth in section 943.0583, Florida Statutes, and Florida Rule of Criminal Procedure 3.692.

All costs of certified copies involved herein are to be borne by the ....................

DONE AND ORDERED in Chambers at .................... County, Florida, on .....(date)......

_____
Circuit Court Judge

## Committee Notes

**1984 Adoption.** In order to have uniformity throughout the state, the committee proposes these forms for petition to expunge or seal, order to seal, and order to expunge and affidavit. These also should be a great asset to counsel and an invaluable asset to the clerks and FDLE, etc., who will be receiving orders in the future. The subcommittee working on these proposed forms has contacted law enforcement agencies, clerks, etc., for their input as to these proposed forms.

**2019 Amendment.** Subdivisions addressing human trafficking were moved to rule 3.9895.

# RULE 3.9895    HUMAN TRAFFICKING: SWORN STATEMENT; PETITION; AND ORDER TO EXPUNGE OR SEAL RECORDS

### (a)    Petition to Expunge; Human Trafficking Victim.

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Case No.: _____
Division _____

State of Florida,                                     )
_____ )
    Plaintiff,                                        )
_____ )
v. _____ )
_____ )
_____, )
_____ )
    Defendant/Petitioner          )
_____ )

PETITION TO EXPUNGE/HUMAN TRAFFICKING VICTIM

The petitioner, ...................., by and through the undersigned attorney, petitions this honorable court, under Florida Rule of Criminal Procedure 3.693 and section 943.0583, Florida Statutes, to expunge all criminal history record information in the custody of any criminal justice agency and the official records of the court concerning the petitioner's arrest and/or conviction on .....(date(s))....., by .....(arresting agency and/or prosecuting authority)....., for .....(charges and/or offenses)....., and as grounds therefor shows:

1.    On .....(date(s))....., the petitioner, ...................., a .....(race/sex)....., whose date of birth is .....(date of birth)....., was arrested by .....(arresting agency)....., and charged with .....(charges)..... or was convicted by .....(name of prosecuting authority)..... of .....(offenses)......

2.    The petitioner has been the victim of human trafficking, as discussed in section 787.06, Florida Statutes, and has committed, or is reported to have committed, an offense, other than those offenses listed in section 775.084(1)(b)1, Florida Statutes, which was committed, or reported to have been committed, as a part of a human trafficking scheme of which he/she was the victim or at the direction of an operator of the scheme as evidenced by the attached official documentation of his/her status, or may be shown by clear and convincing evidence presented to the Court.

WHEREFORE, the petitioner moves to expunge any criminal history record information and any official court records regarding his/her arrest and/or conviction by .....(arresting agency and/or name of prosecuting authority)....., for .....(charges and/or offenses)....., on .....(date(s))......

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been served on .....(name of prosecuting authority)....., (check one) ..... State Attorney for the .......... Judicial Circuit, in and for ................... County, ..... Special Prosecutor, ..... Statewide Prosecutor; .....(arresting agency).....; and ................... (Sheriff of county in which defendant was arrested, if different); on .....(date)......

_____

Name:
Address:
City/State:
Telephone Number:
E-mail Address:
Fla. Bar No.:

Personally known ………. or produced identification ……….

Type of identification procedure ………..

My commission expires:

**(b)     Sworn Statement in Support of Petition; Human Trafficking Victim.**

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Case No.: _____
Division _____

State of Florida,                    )
                                     )
    Plaintiff,                       )
                                     )
v. _____          )
                                     )
_____,            )
                                     )
    Defendant/Petitioner             )
_____             )

SWORN STATEMENT/HUMAN TRAFFICKING VICTIM

State of Florida

County of _____

I, .....(name of defendant/petitioner)....., am the defendant/petitioner in the above-styled cause and I do hereby swear or affirm that:

1.     I fully understand the meaning of all of the terms of this sworn statement.

2.     I have been the victim of human trafficking, as discussed in section 787.06, Florida Statutes, and have committed, or was reported to have committed, an offense, other than those offenses listed in section 775.084(1)(b)1, Florida Statutes, which was committed, or reported to have been committed, as a part of a human trafficking scheme of which I was the victim or at the direction of an operator of the scheme.

3.     I was arrested and/or convicted on .....(date(s))....., by .....(arresting agency and/or name of prosecuting authority)......

4.     I am eligible for the relief requested, to the best of my knowledge and belief, and .....(do or do not)..... have any other petition to expunge or seal pending before any court.

_____
Petitioner

Sworn to and subscribed before me on .....(date)......

NOTARY PUBLIC, or other person
authorized to administer an oath

Printed, typed, or stamped
commissioned name of Notary Public

Personally known .......... or produced identification ...........

Type of identification produced ....................

My commission expires:

**(c)      Order to Expunge; Human Trafficking Victim.**

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Case No.: _____
Division _____

State of Florida, _____ )
                                          )
      Plaintiff,                          )
                                          )
v. _____         )
                                          )
_____, )
                                          )
      Defendant/Petitioner                )
_____          )

ORDER TO EXPUNGE, HUMAN TRAFFICKING VICTIM,
UNDER SECTION 943.0583, FLORIDA STATUTES,
AND FLORIDA RULE OF CRIMINAL PROCEDURE 3.693

THIS CAUSE, having come on to be heard before me this date upon a petition to expunge certain records of the petitioner's arrest and/or conviction on .....(date(s))....., by .....(arresting agency and/or name of prosecuting authority)....., for .....(charges and/or offenses)....., and the court having heard argument of counsel and being otherwise fully advised in the premises, the court hereby finds the following:

The petitioner has been the victim of human trafficking, as discussed in section 787.06, Florida Statutes, and has committed an offense, or is reported to have committed, other than those offenses listed in section 775.084(1)(b)1, Florida Statutes, which was committed, or reported to have been committed, as a part of a human trafficking scheme of which he/she was the victim, or at the direction of an operator of the scheme. A conviction expunged under this section is deemed to have been vacated due to a substantive defect in the underlying criminal proceedings.

Whereupon it is

ORDERED AND ADJUDGED that the petition to expunge is granted. All court records pertaining to the above-styled case shall be sealed in accordance with the procedures set forth in Florida Rule of Criminal Procedure 3.693; and it is further

ORDERED AND ADJUDGED that the clerk of this court shall forward a certified copy of this order to the (check one) ..... state attorney, ..... special prosecutor, ..... statewide

prosecutor, ..... .....(arresting agency)....., and the Sheriff of ........................ County, who will comply with the procedures set forth in section 943.0583, Florida Statutes, and appropriate regulations of the Florida Department of Law Enforcement, and who will further forward a copy of this order to any agency that their records reflect has received the instant criminal history record information; and it is further

ORDERED AND ADJUDGED that .....(arresting agency)..... shall expunge all information concerning indicia of arrest, conviction, or criminal history record information regarding the arrest, conviction, or alleged criminal activity to which this petition pertains in accordance with the procedures set forth in section 943.0583, Florida Statutes, and Florida Rule of Criminal Procedure 3.693.

All costs of certified copies involved herein are to be borne by the ....................

DONE AND ORDERED in Chambers at .................... County, Florida, on .....(date)......

_____
Circuit Court Judge

## **Committee Notes**

**2019 Amendment.** Rule 3.9895 was previously a part of rule 3.989.